1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAOUL MEILLEUR,

         Plaintiff,

    v.

AT&T INC., a Delaware corporation, and
DOES 1 through 20,

         Defendants.

Case No.

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332,
1441 AND 1446

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,
Defendants AT&T Inc. and DOES 1 through 20 (collectively "AT&T") hereby remove to this
Court the state-court action described below.[1]

## STATEMENT OF JURISDICTION

    This is a civil action over which this Court has original jurisdiction under 28 U.S.C.
§ 1332, and is one that may be removed to this Court by AT&T pursuant to 28 U.S.C. §§ 1441
and 1332(d)(2)(A) for the reasons stated below.[2]

---

[1] AT&T Inc., a publicly held Delaware corporation headquartered in Dallas, Texas, is a holding company
and not an operating telecommunications company.  DOES 1 through 20 are alleged to be "AT&T-owned subsidiary
corporations, partnerships, limited liability companies or other entities that provide AT&T wireline local telephone
service."  Complt. ¶ 1.2.  The Complaint refers to all these entities collectively as "AT&T," as do we for purposes of
this Notice of Removal.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 1

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

**BASES FOR DIVERSITY AND REMOVAL**

1.    **Nature of the Action.**  On May 19, 2011, Plaintiff Raoul Meilleur filed a purported nationwide Class Action Complaint For Damages, Injunctive And Declaratory Relief (the "Complaint") in the Superior Court of the State of Washington in and for King County, captioned "*RAOUL MEILLEUR, an individual, Plaintiff v. AT&T, INC., a Delaware corporation; DOES 1-20, Defendants,*" Case Number 11-2-18096-4 SEA.  The Complaint alleges that Meilleur is a former AT&T customer who, on January 6, 2010, received an automated message from AT&T on his residential telephone landline to the effect that international long distance telephone calls had been placed from that telephone line and were being billed by AT&T at the maximum lawful rate.  Complt. ¶ 2.2.  According to the Complaint, the message "urged Plaintiff" to call AT&T at an 800 number.  *Id.*  Meilleur called that number and was told by an AT&T representative that "the pre-recorded call was not a sales call," that "[Meilleur] was paying too high a rate for long distance, and AT&T could provide him with long distance service for a lower rate."  Complt. ¶ 2.7.[3]  The AT&T representative allegedly also told Meilleur that "AT&T was concerned that Plaintiff was paying too high a rate and was simply doing him a favor by making the call."  *Id.*  Meilleur claims that AT&T's automated call to him, and others like it allegedly made to other members of the putative class, violated the federal Telephone Consumer Protection Act ("TCPA"), the regulations governing the national Do-Not-Call list, and Washington state law.

2.    **Procedural History.**  On May 23, 2011, AT&T was served with a Summons, the Complaint, an Order Setting Civil Case Schedule (assigning the case to Judge Eadie), and an "Important Notice" relating to King County Superior Court Hearing Locations in the event of

---

[2]  AT&T's relationships with its customers are governed by service contracts that contain agreements to arbitrate.  AT&T hereby reserves its right to compel members of the putative class who are AT&T customers to arbitrate their claims in accordance with the applicable arbitration agreements.

[3]  For purposes of this Notice of Removal, AT&T assumes the truth of the Complaint's well-pleaded allegations.  However, AT&T reserves the right to contest each of the Complaint's allegations, including the allegations that this action is appropriate for class certification and that Mr. Meilleur is a proper class representative.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 2

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

1  flooding.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and

2  orders served upon AT&T are attached to this Notice of Removal as Exhibit 1.

3      3.    **Notice Timely Filed.**  This Notice has been timely filed pursuant to 28 U.S.C.

4  § 1446(b) because it has been filed within thirty days after service of summons on AT&T.

5      4.    **Venue Is Proper In This Court.**  The Superior Court of Washington for King

6  County is located within the Western District of Washington.  28 U.S.C. § 128(b).  This Notice

7  of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

8      5.    **This Court's CAFA Jurisdiction.**  The Court has jurisdiction over this action

9  pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d),

10  which grants district courts original jurisdiction over putative class actions with 100 or more

11  class members where the aggregate amount in controversy exceeds $5 million, and any member

12  of the class of plaintiffs is a citizen of a state different from any defendant's state of citizenship.

13  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for

14  original jurisdiction under CAFA.

15      6.    **This Action Is A "Class Action" Under CAFA**.  CAFA defines a class action as

16  "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State

17  statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B); 1453(a) and (b).  Meilleur's

18  action is brought pursuant to the class action mechanism set out in Washington State Rules CR

19  23(b)(2) and (b)(3), and therefore is a "class action" within the meaning of CAFA.  Compl. ¶ 4.2.

20      7.    **There Are More Than 100 Members Of The Putative Class.**  The Complaint

21  alleges that it seeks to represent a nationwide class and subclass, and a Washington State class

22  and subclass, each of which consists of more than 100 members.  Complaint ¶ 4.2 defines the

23  classes and subclasses as follows:

24     National Class:  All persons who received a pre-recorded telephone message on
      their telephone from Defendant AT&T sent by automatic dialing machine without

25     prior express consent, at any time for [*sic*] the period that begins 4 years from the
      date of this complaint to trial;

26

27

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 3

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

<u>National Subclass</u>:  All persons who received pre-recorded telephone messages on their telephone from Defendant sent by automatic dialing machine after requesting to be placed on Defendant AT&T's internal do-not-call list at any time for the period that begins 4 years from the date of this complaint to trial;

<u>Washington State Class</u>:  All Washington persons who received a pre-recorded telephone message on their telephone from Defendant AT&T sent by automatic dialing machine for purposes of commercial solicitation at any time for the period that begins 4 years from the date of this complaint to trial; and

<u>Washington State Subclass</u>:  All Washington persons who received two or more calls from Defendant AT&T within a year of the date they asked not to be called by Defendant AT&T again, including those who pressed "1" or some other number during a pre-recorded call in an attempt to "opt out" of future calls.

Meilleur alleges that "[t]he Classes are each so numerous that joinder of all members is impracticable," and that "the Classes *each* likely have more than 100 members."  Compl. ¶ 4.3 (emphasis added).  In short, plaintiff alleges that the aggregate number of putative class members substantially exceeds CAFA's requirement of at least 100.  *See* 28 U.S.C. § 1332(d)(5)(B). Moreover, according to AT&T's records, beginning in July 2008, AT&T commenced a calling program (the "Calling Program") under which AT&T made automated calls to any telephone number from which an international long distance call originated that was billed at AT&T's highest legal rate.  Each call made pursuant to the Calling Program delivered a pre-recorded message to the effect that "this is AT&T calling with an important message regarding your recent long distance calling.  This call is to alert you that someone in your household recently made one or more international calls which will appear on your next AT&T bill at a non-discounted rate.  Thank you for using AT&T.  Our number is 800-XXX-XXXX."  *See* Affidavit of Stephen R. Barrett, attached hereto as Exhibit 2 ("Barrett Affid.")  ¶ ¶ 3,4.  According to its records, AT&T has made more than 15,000 calls of this kind during the class period.  Barrett Affid. ¶ 6.

8.     **Minimal CAFA Diversity Exists**.  CAFA requires only minimal diversity. Under 28 U.S.C. § 1332(d)(2)(A), diversity is established if "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  Meilleur alleges that he is a resident of

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1  King County, Washington.  Complt. ¶ 1.1.  AT&T Inc. is, and was at the time of the filing of this

2  action, a Delaware corporation with its headquarters and principal place of business in Texas.

3  *See* Complt. ¶ 1.2.  Accordingly, Meilleur is a citizen of a state (Washington) different from

4  AT&T's states of citizenship (Delaware and Texas, *see* 28 U.S.C. §§ 1332(c)), thereby satisfying

5  the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).[4]

6      9.  **The Amount In Controversy Exceeds $5 Million.**  Under CAFA, the claims of

7  the individual class members are aggregated to determine if the total amount in controversy

8  exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C.

9  §§ 1332(d)(2), (d)(6); *see Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir.

10  2007).  While AT&T denies the claims alleged in Mr. Meilleur's Complaint and further denies

11  that he, or any putative class member, is entitled to any monetary, declarative or injunctive relief,

12  the amount placed in controversy by the Complaint satisfies the jurisdictional threshold, as

13  explained below.

14      10.  **The Compensatory Damages Sought Under The TCPA Claim Alone Exceed**

15  **The $5 Million Jurisdictional Threshold.**  The Complaint does not quantify the total amount of

16  damages sought, nor does it set a cap on recovery, as it could have done if warranted.  In light of

17  the size of the putative class and the monetary relief sought ($500 per alleged violation of the

18  TCPA alone, as described below), the amount in controversy substantially exceeds $5 million,

19  exclusive of interest and costs.

20      a.  For purposes of CAFA removal, AT&T has the "burden of establishing,

21  by a preponderance of the evidence, that the amount in controversy exceeds the

22  jurisdictional amount.  Under this burden, the defendant must provide evidence that it is

23  more likely than not that the amount in controversy exceeds that amount." *Guglielmino*

24  *v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007) (citation and internal

25  punctuation omitted).  This does not, of course, mean that AT&T must acknowledge the

26      [4]  In addition, most, if not all, of the AT&T operating subsidiaries identified in the Complaint generically as "DOES 1-20" are citizens of various states other than Washington.  These entities are therefore also diverse from

27  Mr. Meilleur.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 5

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

legitimacy of Mr. Meilleur's claims, or even that they are (or might be) appropriate for class treatment; to the contrary, AT&T denies Plaintiff's claims and further denies that the classes alleged in the Complaint may be properly certified.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)("That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal").  The inquiry, in short, is what amount "is put 'in controversy' by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that have occurred, if any."  *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011) (reviewing 9th Circuit CAFA decisions).

b.      This action is a putative nationwide class action in which Mr. Meilleur alleges that AT&T has made "a large number" of unsolicited, automated telephone calls for the purpose of communicating a pre-recorded message that, according to Meilleur, is a "disguised telemarketing call."  Complt. ¶ ¶ 2.5, 2.12.  Meilleur purports to sue on behalf of four classes and subclasses, including a nationwide class defined as "[a]ll persons who received a pre-recorded telephone message on their telephone from Defendant AT&T sent by automatic dialing machine without prior express consent, at any time" during the period beginning May 19, 2007 and continuing to the present. Complt. ¶ 4.2.

c.      Meilleur claims that by placing calls to residential telephone lines using an artificial or pre-recorded voice to deliver a message without the prior consent of the called party, for a commercial purpose, AT&T violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1)(B)  ("TCPA"), and that the class is entitled to $500 for each violation.  Each call is deemed a separate violation.  *See* Complt., Prayer for Relief ¶ C.[5]

---

[5]  Meilleur also claims that the calling activity alleged in the Complaint violates the national Do-Not-Call provisions of 47 C.F.R. § 64.1200 (Complt. ¶ 3.5), and three Washington state statutes:   RCW 80.36.400, which

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 6

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

d.      According to AT&T's internal records, during the class period AT&T made more than 15,000 unsolicited, automated calls to residential telephone lines using a pre-recorded voice to deliver the following message: "Hi, this is AT&T calling with an important message regarding your recent long distance calling.  This call is to alert you that someone in your household recently made one or more international calls which will appear on your next AT&T bill at a non-discounted rate.  Thank you for using AT&T.  Our number is 800-XXX-XXXX."  Barrett Affid. ¶¶ 3,4, 6.  By claiming that each of these calls violated the TCPA – requiring AT&T to pay a minimum of $500 for each violation (*see* Complt., Prayer For Relief ¶ C) – Meilleur's Complaint has put "in controversy" an amount in excess of $7.5 million, well above the $5 million jurisdictional threshold.[6]

11.     **The Complaint Also Seeks Treble Damages and Attorneys' Fees.**  In addition to the $500-per-violation statutory penalty provided under the TCPA, Meilleur claims (i) "treble damages for each intentional or willful legal violation," and (ii) "other damages, attorneys' fees and costs as are permitted under federal and state law[.]"  Complt., Prayer For Relief ¶ C.  *See Brill, supra,* 427 F.3d at 449 (taking punitive damages into account in determining jurisdictional threshold where the complaint "held open that possibility" by requesting treble damages "[i]f the evidence shows that the violation was willful").  As demonstrated above, based on the allegations contained in Meilleur's Complaint, the amount in controversy with respect to TCPA compensatory damages *alone* exceeds $7.5 million.  The Complaint's request for treble damages and attorneys' fees only makes it clearer that the jurisdictional threshold has been satisfied.

---

allegedly prohibits the making of automated telephone calls to persons in the state of Washington that play a recorded message for purposes of commercial solicitation (Complt. ¶ 3.6); RCW 19.86 (the Washington Consumer Protection Act), which allegedly prohibits the same conduct prohibited by RCW 80.36.400 (Complt. ¶ 3.8); and RCW 80.36.390(3), which allegedly prohibits the making of telephone calls to any person in the state of Washington if that person has asked not to be called by the calling party (Complt. ¶ 3.10).

[6] In a TCPA action, the appropriate estimate of the amount in controversy is  the number of claimed violations times the $500-per-violation penalty.  *See, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 7

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

12. **Notice to Plaintiff.**  In accordance with 28 U.S.C. § 1446(d), AT&T is serving Meilleur, through his counsel, with a written Notice to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A true and correct copy of that Notice to Plaintiff is attached hereto as Exhibit 3.

13. **Notice to Clerk of King County Superior Court.**  Pursuant to 28 U.S.C. § 1446(d), AT&T is also filing with the Clerk of the Superior Court of King County, Washington, and has served upon Plaintiff, a Notice to Superior Court of Filing of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A true and correct copy of that Notice to the Superior Court is attached hereto as Exhibit 4.

DATED this 20th day of June, 2011.

s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677
Robert D. Stewart, WSBA #8998
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
206.545.0345
206.545.0350 (fax)
E-mail:  kipling@kiplinglawgroup.com
E-mail:  stewart@kiplinglawgroup.com

***Counsel for Defendants***

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 8

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

# Exhibit 1

 **CT Corporation**

**Service of Process Transmittal**
05/23/2011
CT Log Number 518559433

| | |
|---|---|
| **TO:** | Shoene Leaf, Executive Assistant to SVP & Asst GC<br>AT&T Inc.<br>208 S. Akard, Room 3402<br>Dallas, TX 75202 |

**RE:** **Process Served in Delaware**

**FOR:** AT&T Inc. (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Raoul Meilleur, etc., Pltf. vs. AT&T, Inc., etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint, Order Setting Schedule, Order, Notice |
| **COURT/AGENCY:** | King County Superior Court, WA<br>Case # 11-2-18096-4 |
| **NATURE OF ACTION:** | Class Action - Violation of 47 U.S.C. and RCW by use of automatic dialing and announcing device call to plaintiff's residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express consent of the called party for a commercial purpose - Seeking declaratory and/or injunctive relief to ensure defendant will not continue to use automatic dialing and announcement devices to send messages to telephone subscribers |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/23/2011 at 14:45 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 60 days, excluding the day of service - Respond to complaint // October 27, 2011 - Last day for filing statement of arbitrability (See Order Setting Schedule for additional deadlines) |
| **ATTORNEY(S) / SENDER(S):** | Kim Williams<br>Williamson & Williams<br>17253 Agate Street NE<br>Bainbridge Island, WA 98110<br>206-780-4447 |
| **ACTION ITEMS:** | Telephone, Shoene Leaf , 214-757-3322<br>SOP Papers with Transmittal, via  Fed Ex 2 Day , 794788097610<br>Image SOP<br>Email Notification, Shoene Leaf sl8576@att.com<br>Email Notification, Christine Kachurak ck3273@att.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>Scott LaScala<br>1209 Orange Street<br>Wilmington, DE 19801<br>302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| RAOUL MEILLEUR, | **CLASS ACTION** |
| Plaintiff, | |
| | No.  11-2-18096-4 SEA |
| v. | |
| | **SUMMONS** |
| AT & T, INC, A Delaware corporation; DOES 1-20, | |
| Defendants. | |

TO: Defendants

A lawsuit has been started against you in the above-entitled Court by the

Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served

upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by

stating your defense in writing, and serve a copy upon the undersigned attorney for the

Plaintiff within twenty (20) days after the service of this Summons, or within sixty (60)

days if this Summons was served outside the State of Washington, excluding the day of

service, or a default judgment may be entered against you without notice. A default

· judgment is one where the Plaintiff is entitled to what has been asked for because you

SUMMONS -1

1

2    have not responded.  If you serve a notice of appearance on the undersigned attorney, you

3    are entitled to notice before a default judgment may be entered.

4         If you wish to seek the advice of an attorney in this matter, you should do so

5    promptly so that your written response, if any, may be served on time.

6
     THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules
7
8    of the State of Washington.

9

10        DATED this 19th day of May, 2011.

11                                    By:  ___/s/ Kim Williams, WSBA #9077

12                                    Rob Williamson, WSBA #11387
13                                    Email: roblin@williamslaw.com
                                      Kim Williams, WSBA #9077
14                                    Email: kim@williamslaw.com
                                      Williamson & Williams
15                                    17253 Agate Street NE
16                                    Bainbridge Island, Washington  98110
                                      Telephone:  206.780.4447
17                                    Facsimile:  206.780.5557

18                                    TERRELL MARSHALL DAUDT & WILLIE
19                                    PLLC
                                      Beth E. Terrell, WSBA #26759
20                                    Email: bterrell@tmdlegal.com
                                      Kimberlee L. Gunning, WSBA #35366
21                                    Email: kgunning@tmdlegal.com
                                      936 North 34th Street, Suite 400
22                                    Seattle, Washington  98103
                                      Telephone: 206.816.6603
23                                    Facsimile: 206.350.3528

24                                    *Attorneys for Plaintiff and the Classes and*
25                                    *Subclasses*

26

SUMMONS -2

WILLIAMSON
& WILLIAMS   17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| RAOUL MEILLEUR, an individual | NO.   11-2-18096-4 SEA |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF** |
| AT&T, INC. A Delaware corporation; DOES 1-20, | |
| Defendants. | |

Plaintiff Raoul Meilleur, individually and as class representative for a National Class and Subclass of similarly situated individuals and a Washington State Class and Subclass of similarly situated individuals, alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

1.1.    Plaintiff Raoul Meilleur is an individual and a resident of Snoqualmie Pass, King County, Washington, and previous resident of Seattle, King County, Washington, and the owner of the residential telephone on which he receives calls, including that which is the subject of this complaint.

1.2.    Defendant AT&T, Inc. is a corporation that is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Texas.  Does 1-20 are additional AT&T-owned subsidiary corporations, partnerships, limited liability companies or other entities that provide AT&T wireline local telephone services.  AT&T,

**WILLIAMSON & WILLIAMS**
17253 Agate Street NE
Bainbridge Island, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Inc. and Does 1-20 are hereinafter referred to collectively as "AT&T" or "Defendant
AT&T."

    1.3.    Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010,
RCW 4.28.185 and Washington Constitution Article 4, § 6.

## II. FACTS

    2.1.    On January 6, 2010, AT&T made a telephone call to Plaintiff Meilleur's
residential telephone number in Seattle, Washington.

    2.2.    The call consisted of a pre-recorded message delivered by an automatic
dialing and announcing device ("ADAD"). The pre-recorded message identified itself as
being from AT&T and said words to the effect that "someone in your household has
made international calls on your phone that have been billed at AT&T's maximum rate."
The pre-recorded message urged Plaintiff to call Defendant AT&T at 1-800-235-9220.

    2.3.    As of January 6, 2009, Plaintiff Meilleur's long distance service was with
IDT, not AT&T.

    2.4.    Plaintiff Meilleur's residential telephone number has been on the national
Do-Not-Call Registry for several years. Despite this fact, prior to January 6, 2010,
Plaintiff had received many telemarketing calls from Defendant AT&T, prompting him to
request AT&T telemarketing representatives that they stop calling him; accordingly, as of
January 6, 2010, Plaintiff's residential telephone number should also have been on
Defendant AT&T's internal Do-Not-Call list.

    2.5.    When he listened to the above-referenced pre-recorded message from ·
AT&T, Plaintiff Meilleur was concerned that, unbeknownst to him, someone had been
using his residential telephone to make long distance calls through AT&T. He was also

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 2



concerned, based on the history of unwanted telemarketing calls to his residential

telephone number from Defendant AT&T, that the pre-recorded message he received on

January 6, 2010 was actually a disguised telemarketing call.  Consequently, he called 1-

800-235-9220, the return number left by AT&T, to investigate, and reached an AT&T

representative.

      2.6.    On January 6, 2010, Plaintiff Meilleur's residential telephone service was

with Qwest.  His Qwest outbound call records for January 6, 2010, document Plaintiff's

call to 1-800-235-9220, including a "CONNECT TIME" of "18:12:51:0 and an

"ELAPSED TIME" of "19:44;:4."

      2.7.    When Plaintiff Meilleur called Defendant AT&T on January 6, 2010, he

was connected to an AT&T representative and asked if the pre-recorded call was a sales

call, advising the AT&T representative that he had received numerous sales calls from

AT&T since he quit using AT&T years ago, he did not want to do business with them

and he resented the persistent sales calls.  The AT&T representative responded by

advising Plaintiff that he was paying too high a rate for long distance and AT&T could

provide him with long distance service for a lower rate.  The AT&T representative

further advised Plaintiff that the pre-recorded call was not a sales call, but that AT&T

was concerned that Plaintiff was paying too high a rate and was simply doing him a favor

by making the call.

      2.8.    Plaintiff Meilleur asked the AT&T representative to connect him with a

manager because the representative could not explain how AT&T knew that someone had

made long distance calls on Plaintiff's telephone when Plaintiff's long distance carrier

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 3



was IDT, not AT&T.  The representative promised Mr. Meilleur that a manager would telephone him the next morning at 8:00 a.m., but the manager never called.

2.9.  On January 8, 2010, Plaintiff attempted to telephone a Canadian number from his residential telephone, but the call did not connect.  Instead, Plaintiff was connected to a pre-recorded message from Defendant AT&T advising him that his international telephone service had been blocked due to lack of payment.  Plaintiff had never received a bill from AT&T, nor was AT&T his long distance provider.  Defendant AT&T subsequently acknowledged that Plaintiff did not owe AT&T any money for unpaid charges.

2.10.  Defendant AT&T's January 6, 2010 call to Plaintiff Meilleur's residential telephone was made for the purpose of commercial solicitation, soliciting Plaintiff to subscribe to AT&T telephone services.  In receiving the ADAD call from AT&T and speaking with the AT&T representative who offered to sign him up as an AT&T customer, Plaintiff understood that the call was for the purpose of commercial solicitation.

2.11.  Defendant AT&T is responsible for making the above-described ADAD call to Plaintiff.  Plaintiff did not provide prior consent, express or implied, to the receipt of ADAD solicitation calls from Defendant.  In addition, as of January 6, 2010, Plaintiff did not have an "established business relationship" with Defendant AT&T.

2.12.  Upon information and belief, Defendant placed a large number of substantially similar telephone calls to the telephones of persons in Washington State, including persons in King County, and to persons in other states.



2.13.   Upon information and belief, Defendant intends to continue to send ADAD solicitation messages to the telephones of persons in Washington State and other states.

### III.  CAUSES OF ACTION

3.1.    Plaintiff realleges the foregoing paragraphs as if fully stated herein.  The following causes of action are, to the extent necessary, stated in the alternative.

**Count A. Violation of 47 U.S.C. § 227(b)(1)(B) (National Class)**

3.2.    In placing an ADAD call to Plaintiff's residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express consent of the called party, for a commercial purpose, Defendant AT&T has violated 47 U.S.C. § 227(b)(1)(B).

3.3.    As a result of said conduct, Plaintiff and members of the National Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory damages, including treble damages, for each of Defendant AT&T's violations of the law.

**Count B. Violation of 47 CFR § 64.1200 *et seq.* (National Subclass)**

3.4.    Defendant AT&T has violated 47 CFR § 64.1200 *et seq.*, by placing ADAD solicitation calls to Plaintiff Meilleur which left pre-recorded messages and by placing ADAD solicitation calls to Mr. Meilleur when his residential telephone number was on the National Do-Not-Call registry and when that number was or should have been on AT&T's internal Do-Not-Call registry.  Violations include, but are not limited, to violating 47 CFR § 64.1200(d)(3) entitled *Recording, disclosure of do-not-call requests-* by failing to record such requests, place the subscriber's name and telephone number on

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 5



the do not call list at the time the request is made and, within a reasonable time from the date such request is made, honor the request.

3.5.    Any violation by AT&T or its agents of the Do-Not-Call provisions of 47 CFR § 64.1200 entitles Plaintiff Meilleur and members of the related National Subclass to damages pursuant to 47 U.S.C § 227(c)(5).  Under 47 U.S.C. § 227(c)(5), Plaintiff and all members of said Subclass are entitled to injunctive relief enjoining Defendant AT&T's unlawful conduct, as well as statutory damages, including treble damages, for each of Defendant AT&T's violations of the law.

### Count C.  Violation of RCW 80.36.400 (Washington State Class)

3.6.    Defendant AT&T has violated RCW 80.36.400 by making ADAD telephone calls which automatically dial numbers and play a recorded message, for purposes of commercial solicitation, to the telephones of Plaintiff and the Washington State Class.

3.7.    As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages as set forth below.

### Count D.  Violation of RCW 19.86 *et seq.* (Washington State Class)

3.8.    Under RCW 80.36.400(3), Defendant AT&T's violation of RCW 80.36.400 constitutes a violation of RCW 19.86, *et seq.*, the Washington Consumer Protection Act ("CPA").

3.9.    As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages.  Under the CPA, Plaintiff and all members of said Class

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 6



are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages, and fees and costs as set forth below.

### Count E.  Violation of RCW 80.36.390 (Washington State Subclass)

3.10.   Defendant AT&T, directly or through its agents, has violated RCW 80.36.390(3) by making telephone calls to Plaintiff and members of the Washington State Subclass when Plaintiff and members of said Subclass asked not to be called by Defendant again.

3.11.   As a result of said conduct, Plaintiff and members of the Washington State Subclass have sustained damages.  Plaintiff and all members of said Subclass are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory damages and attorney fees and costs, for each of Defendant's violations of the law.

### Count F.  Declaratory Relief Under The
### Washington Declaratory Judgment Act (RCW 7.24.010)

3.12.   Defendant AT&T used an automated dialing and announcement device to send a pre-recorded message to the telephones of persons in Washington, and made telephone calls to persons on the National Do-Not-Call registry, to persons on its own Do-Not-Call registry, and to persons in Washington State after having been asked not to be called by Defendant AT&T again.

3.13.   An actual controversy has arisen and now exists between Plaintiff and the other members of the classes, on the one hand, and Defendant AT&T, on the other hand, concerning their respective rights and duties.

3.14.   Plaintiff and the Classes are entitled to have their rights, status and legal relations relating to Defendant AT&T's use of an automatic dialing and announcing device and Defendant AT&T's alleged Do-Not-Call violations, established by this Court.

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF  - 7



## IV. CLASS ACTION ALLEGATIONS

4.1.    Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2.    This class action is brought and may be maintained pursuant to CR

23(b)(2) and (b)(3). Plaintiff seeks to represent a National Class and Subclass and a

Washington State Class and Subclass comprised of:

> National Class: All persons who received a pre-recorded
> telephone message on their telephone from Defendant
> AT&T sent by automatic dialing machine without prior
> express consent, at any time for the period that begins 4
> years from the date of this complaint to trial;

> National Subclass: All persons who received pre-recorded
> telephone messages on their telephone from Defendant sent
> by automatic dialing machine after requesting to be placed
> on Defendant AT&T's internal do-not-call list at any time
> for the period that begins 4 years from the date of this
> complaint to trial;

> Washington State Class: All Washington persons who
> received a pre-recorded telephone message on their
> telephone from Defendant AT&T sent by automatic dialing
> machine for purposes of commercial solicitation at any
> time for the period that begins 4 years from the date of this
> complaint to trial; and

> Washington State Subclass: All Washington persons who
> received two or more calls from Defendant AT&T within a
> year of the date they asked not to be called by Defendant
> AT&T again, including those who pressed "1" or some
> other number during a pre-recorded call in an attempt to
> "opt out" of future calls.

4.3.    Numerosity.  The Classes are each so numerous that joinder of all

members is impracticable.  Upon information and belief the Classes each likely have

more than 100 members.

4.4.    Common Questions of Law and Fact.  The questions of law and fact are

the same for all class members, including whether the Defendant's conduct violated

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 8



47 U.S.C. § 227(b)(1)(B), 46 CFR § 64.1200, including (c)(2) and (d)(3), RCW

80.36.400, RCW 19.86 *et seq.* and RCW 80.36.390.

    4.5.    **The Plaintiff's Claims are Typical of the Classes.**  Plaintiff's claims are

typical of the Classes in that they arise from Defendant's repeated violation of 47 U.S.C.

§ 227(b)(1)(B), 46 CFR § 64.1200, including (c)(2) and (d)(3), RCW 80.36.400 and

RCW 19.86 *et seq.*, and/or RCW 80.36.390 as to Plaintiff and all other class members.

    4.6.    **The Plaintiff Will Fairly and Adequately Protect the Classes.**  Plaintiff

will adequately represent and protect the interests of the Classes because he has retained

competent and experienced counsel and his interests in the litigation are not antagonistic

to the other members of the Classes.

    4.7.    **A Class Action is Maintainable Under CR 23(b)(3).**  The questions of

law and fact common to all members of the Classes predominate over questions affecting

only individual members of the Classes, because all members of the Classes were

subjected to Defendant AT&T's unlawful use of one or more ADADs. The prosecution

of separate actions by individual members of the Classes against Defendant AT&T would

create the risk of inconsistent or varying adjudications and incompatible standards of

treatment. On information and belief, there are no other pending class actions concerning

these issues. A class action is superior to any other available means for the adjudication

of this controversy. This action will cause an orderly and expeditious administration of

the Classes' claims; economies of time, effort and expense will be fostered; and

uniformity of decisions will be ensured at the lowest cost and with the least expenditure

of judicial resources.

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF  - 9



4.8.    **A Class Action is Maintainable Under CR 23(b)(2).** Defendant has

acted on grounds generally applicable to Plaintiff and the Classes as alleged herein,

thereby making appropriate injunctive and declaratory relief, as well as incidental

damages, with respect to the Classes as a whole.

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the Classes and Subclasses

of similarly situated individuals, respectfully requests that the Court enter judgment in his

favor and in favor of the Classes and Subclasses for:

A.    Certification of the Classes and Subclass pursuant to CR 23(b)(2) and CR

23(b)(3);

B.    Granting declaratory, equitable, and/or injunctive relief as permitted by

law to ensure that Defendant AT&T will not continue to use automatic dialing and

announcement devices to send  messages to telephone subscribers, or continue to commit

Do-Not-Call violations;

C.    Judgment against Defendant AT&T for statutory damages of $500 for

each legal violation committed by Defendant (with the exception of violations of RCW

80.36.390 for which, in accordance with RCW 80.36.390(6) "...the Court shall award

damages of at least one hundred dollars for each individual violation...) when it placed

the calls in question to Plaintiff and members of the Classes, including, where applicable,

more than one legal violation per call, plus treble damages for each intentional or willful

legal violation, and other damages, attorney's fees and costs as are permitted under

federal and state law;

D.      Judgment for attorney fees and costs of suit as permitted by applicable

law; and

E.      Any other or further relief which the Court deems fair and equitable.

DATED this 19th day of May, 2011.

WILLIAMSON & WILLIAMS

By:   /s/ Kim Williams, WSBA #9077

Rob Williamson, WSBA #11387
Email: roblin@williamslaw.com
Kim Williams, WSBA #9077
Email: kim@williamslaw.com
Williamson & Williams
17253 Agate Street NE
Bainbridge Island, Washington  98110
Telephone:  206.780.4447
Facsimile:  206.780.5557

TERRELL MARSHALL DAUDT & WILLIE PLLC
Beth E. Terrell, WSBA #26759
Email: bterrell@tmdlegal.com
Kimberlee L. Gunning, WSBA #35366
Email: kgunning@tmdlegal.com
936 North 34th Street, Suite 400
Seattle, Washington  98103
Telephone: 206.816.6603
Facsimile: 206.350.3528

*Attorneys for Plaintiff and the Classes and Subclasses*

WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Raoul Meilleur | NO. 11-2-18096-4   SEA | |
| | Order Setting Civil Case Schedule (*ORSCS) | |
| **Plaintiff(s)** | | |
| **vs** | | |
| AT & T, Inc. | ASSIGNED JUDGE  Eadie | 33 |
| | FILE DATE: | 05/19/2011 |
| **Defendant(s)** | **TRIAL DATE:** | **11/05/2012** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition,* whether that response is a *Notice of Appearance,* a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____

          Print Name                            Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules *[KCLR]* –
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses *[See KCLCR 26]*, and for meeting the discovery
cutoff date *[See KCLCR 37(g)]*.

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. The court will review the confirmation of joinder document to determine if a
hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.**

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu  05/19/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Thu  10/27/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration.  [See KCLCR 4.2(a) and Notices on Page 2]. | Thu  10/27/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Thu  11/10/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 06/04/2012 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 07/16/2012 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Mon 07/30/2012 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon 07/30/2012 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Mon 09/17/2012 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 10/08/2012 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 10/15/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16] | Mon 10/15/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 10/22/2012 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 10/29/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 10/29/2012 | * |
| Trial Date [See KCLCR 40]. | Mon 11/05/2012 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

**DATED:**   05/19/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

### C.   Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_Richard F. Mooberry_

**PRESIDING JUDGE**

King County
Department of Judicial Administration
Superior Court Clerk's Office

# <u>IMPORTANT NOTICE</u>
## KING COUNTY SUPERIOR COURT HEARING LOCATIONS WILL CHANGE
## IF THE MALENG REGIONAL JUSTICE CENTER IN KENT IS CLOSED

The Maleng Regional Justice Center (MRJC) in Kent lies within the former Green River floodplain and is at risk of flooding if the Green River overtops its levies in a major flood event. The MRJC facility will likely be evacuated and closed if an imminent flood is predicted and operations normally located there will be forced to relocate.

If it becomes necessary to close the MRJC facility and relocate the courtrooms, some scheduled court proceedings at the King County Courthouse in Seattle will also be affected, with a changed location.

**PLEASE NOTE: If you have a court proceeding scheduled at either the King County Courthouse in Seattle or the Maleng Regional Justice Center in Kent, please call (206) 296-9300 x '0' to learn if there is a flood related change to the location of your court proceeding. Call within two days of your scheduled court date for the current information.**

Current MRJC flood status and proceeding location information will also be posted online here:

King County Superior Court's website:  http://www.kingcounty.gov/courts/superiorcourt

King County Clerk's Office website: http://www.kingcounty.gov/courts/Clerk

The Clerk's Office and Superior Court remain committed to providing good customer service throughout the flood watch season and, if necessary, during a MRJC facility closure period. We thank you for your patience during this time.

*Please include a copy of this notice when providing copies of court documents to other parties.*

# Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| RAOUL MEILLEUR,<br><br>               Plaintiff,<br><br>    v.<br><br>AT&T INC., a Delaware corporation, and<br>DOES 1 through 20,<br><br>               Defendants. | Case No. _____<br><br>King County Court Case<br>No. 11-2-18096-4 SEA<br><br>**AFFIDAVIT OF STEPHEN R.<br>BARRETT IN SUPPORT OF<br>DEFENDANTS' NOTICE OF<br>REMOVAL OF ACTION PURSUANT<br>TO 28 U.S.C. §§ 1332, 1441 AND 1446** |

## AFFIDAVIT OF STEPHEN R. BARRETT

Stephen R. Barrett, being first duly sworn, under oath states as follows:

1.      My name is Stephen R. Barrett.  I am currently employed by AT&T Services, Inc., a shared services subsidiary of AT&T Inc., which is a publicly held Delaware corporation with its headquarters in Dallas, Texas. AT&T Inc. is a holding company with certain operating subsidiaries (these operating subsidiaries are collectively referred to herein as "AT&T").  My title is Associate Director – Centers Tools & Technology.  In this position, I am responsible for managing the AT&T customer notification program called "Automated Outbound".  In this role, I am responsible for: 1) contacting customers on behalf of AT&T using pre-recorded voice messages/SMS messages, and Email notification;  2) management of the message content, message notification configuration; and 3) maintaining records of the notification programs.   I have been employed in this position since May 1st, 2007.

2.      I have read the complaint filed by Raoul Meilleur in the Superior Court of King County, Washington, case number 11-2-18096-4 SEA (the "Complaint").  The Complaint alleges

that Mr. Meilleur received an automated, pre-recorded message "from AT&T" on his home telephone line on January 6, 2010, to the effect that "someone in your household has made international calls on your phone that have been billed at AT&T's maximum rate."  The message also included an 800 number for "AT&T."

3.      Beginning on July 30, 2008 AT&T began an automated outbound notification calling program ("Calling Program") under which it made automated calls to telephone numbers for which there was an international long distance call billed at a non-discounted rate.

4.      Each call made pursuant to the Calling Program delivered the following pre-recorded message:

> "Hi, this is AT&T calling with an important message regarding your recent long distance calling.  This call is to alert you that someone in your household recently made one or more international calls which will appear on your next AT&T bill at a non-discounted rate.  Thank you for using AT&T.  Our number is 800-XXX-XXXX."

5.      I am familiar with AT&T's records relating to the Calling Program.  I have reviewed those records, and they show that the call that Mr. Meilleur received on or about January 6, 2010 was a call made pursuant to the Calling Program.

6.      AT&T's records also show that from June 2009 through June, 6th 2011, AT&T made approximately 15,993 automated Calling Program calls.

7.      This concludes my affidavit.

Stephen R. Barrett
AT&T Services, Inc.

Subscribed and sworn to before me
this 16th day of June, 2011

Notary Public
My commission expires 5-20-2015

CARMEN BENITEZ
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
05-20-2015

# Exhibit 3

HONORABLE RICHARD D. EADIE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

RAOUL MEILLEUR,

        Plaintiff,

    v.

AT&T INC., a Delaware corporation, and
DOES 1 through 20,

        Defendants.

Case No. 11-2-18096-4 SEA

NOTICE TO PLAINTIFF OF FILING
OF NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441 AND 1446

TO PLAINTIFF RAOUL MEILLEUR AND HIS ATTORNEYS OF RECORD:

       Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that on June 20, 2011,

Defendants AT&T Inc. and DOES 1-20 filed their NOTICE OF REMOVAL OF ACTION

PURSUANT TO 28 U.S.C. § 1332(d), 1441, and 1446 (Diversity Jurisdiction—Class Action

Fairness Act) in the United States District Court for the Western District of Washington at

Seattle, together with a copy of all pleadings and documents filed in the Superior Court of King

County Washington, Case No. 11-2-18096-4 SEA, captioned *Raoul Meilleur, Plaintiff v. AT&T

Inc., a Delaware Corporation, and DOES 1 through 20, Defendants*.

       A true and correct copy of the Notice of Removal is attached hereto as Exhibit A and is

incorporated herein by this reference.

1    DATED this 20th day of June, 2011.

2
                                    s/ Michael E. Kipling
3                                   Michael E. Kipling, WSBA #7677
                                    Robert D. Stewart, WSBA #8998
4                                   KIPLING LAW GROUP PLLC
                                    3601 Fremont Avenue N., Suite 414
5                                   Seattle, WA 98103
                                    206.545.0345
6                                   206.545.0350 (fax)
                                    E-mail:  kipling@kiplinglawgroup.com
7                                   E-mail:  stewart@kiplinglawgroup.com

8                                   *Counsel for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE TO PLAINTIFF OF FILING OF NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§
1332, 1441 AND 1446 - 2
(11-2-18096-4 SEA)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 20th day of June, 2011, I caused to be served a true and correct copy of the foregoing *Notice to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446* by method indicated below and addressed to the following:

Rob Williamson                                    *Delivery Via:*
Kim Williams                                      [   ] U.S. Mail
Williamson & Williams                             [   ] Overnight Mail
17253 Agate Street NE                             [   ] Facsimile
Bainbridge Island, WA 98110                       [ X ] Hand Delivery
Telephone:  (206) 780-4447                        [   ] E-Mail
Facsimile:  (206) 780-5557                        [ X ] E-Service (if Opted-In)
roblin@williamslaw.com
kim@williamslaw.com
*Counsel for Plaintiff, Classes and Subclasses*

Beth E. Terrell                                   *Delivery Via:*
Kimberlee L. Gunning                              [   ] U.S. Mail
Terrell Marshall Daudt & Willie PLLC              [   ] Overnight Mail
936 North 34th Street, Suite 400                  [   ] Facsimile
Seattle, WA 98103                                 [ X ] Hand Delivery
Telephone:  (206) 816-6603                        [   ] E-Mail
Facsimile:  (206) 350-3528                        [ X ] E-Service (if Opted-In)
bterrell@tmdlegal.com
kgunning@tmdlegal.com
*Counsel for Plaintiff, Classes and Subclasses*


DATED this 20th day of June, 2011.


                                        s/ Michael E. Kipling
                                        Michael E. Kipling, WSBA #7677
                                        Robert D. Stewart, WSBA #8998
                                        KIPLING LAW GROUP PLLC
                                        3601 Fremont Avenue N., Suite 414
                                        Seattle, WA 98103
                                        206.545.0345
                                        206.545.0350 (fax)
                                        E-mail:  kipling@kiplinglawgroup.com
                                        E-mail:  stewart@kiplinglawgroup.com

                                        ***Counsel for Defendants***

NOTICE TO PLAINTIFF OF FILING OF NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§
1332, 1441 AND 1446 - 3
(11-2-18096-4 SEA)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

# Exhibit 4

1
2
3
4                                                           HONORABLE RICHARD D. EADIE
5
6
7
8                   IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                           IN AND FOR THE COUNTY OF KING
9
   RAOUL MEILLEUR,
10                                              │   Case No. 11-2-18096-4 SEA
                Plaintiff,                      │
11                                              │   NOTICE OF FILING OF
        v.                                      │   DEFENDANTS' NOTICE OF
12                                              │   REMOVAL OF ACTION TO
   AT&T INC., a Delaware corporation, and       │   FEDERAL COURT PURSUANT TO
13   DOES 1 through 20,                          │   28 U.S.C. §§ 1332, 1441 AND 1446
                                                │
14                Defendants.                    │   [CLERK'S ACTION REQUIRED]

15
16         TO THE CLERK OF THE COURT:

17         PLEASE TAKE NOTICE that on June 20, 2011, Defendants AT&T Inc. and DOES 1

18   through 20 filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332(d), 1441 and

19   1446 in the United States District Court for the Western District of Washington at Seattle.  A

20   copy of the Notice of Removal is attached hereto as Exhibit A and is incorporated herein by this

21   reference.

22         This notice is being provided in accordance with 28 U.S.C. § 1446(d).

23   ///

24   ///

25   ///

26   ///

27   ///

NOTICE OF FILING OF DEFENDANTS' NOTICE OF                      KIPLING LAW GROUP PLLC
REMOVAL OF ACTION TO FEDERAL COURT                            3601 FREMONT AVE N, SUITE 414
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 1              SEATTLE, WASHINGTON 98103
(11-2-18096-4 SEA)                                             telephone (206) 545-0345
                                                               fax (206) 545-0350

DATED this 20th day of June, 2011.

s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677
Robert D. Stewart, WSBA #8998
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
206.545.0345
206.545.0350 (fax)
E-mail:  kipling@kiplinglawgroup.com
E-mail:  stewart@kiplinglawgroup.com

***Counsel for Defendants***

NOTICE OF FILING OF DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 2
(11-2-18096-4 SEA)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

## CERTIFICATE OF SERVICE

I do hereby certify that on this 20th day of June, 2011, I caused to be served a true and correct copy of the foregoing *Notice of Filing of Defendants' Notice of Removal of Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446* by method indicated below and addressed to the following:

| | |
|---|---|
| Rob Williamson<br>Kim Williams<br>Williamson & Williams<br>17253 Agate Street NE<br>Bainbridge Island, WA 98110<br>Telephone:  (206) 780-4447<br>Facsimile:  (206) 780-5557<br>roblin@williamslaw.com<br>kim@williamslaw.com<br>*Counsel for Plaintiff, Classes and Subclasses* | *Delivery Via:*<br>[  ] U.S. Mail<br>[  ] Overnight Mail<br>[  ] Facsimile<br>[ X ] Hand Delivery<br>[  ] E-Mail<br>[ X ] E-Service (if Opted-In) |
| Beth E. Terrell<br>Kimberlee L. Gunning<br>Terrell Marshall Daudt & Willie PLLC<br>936 North 34th Street, Suite 400<br>Seattle, WA 98103<br>Telephone:  (206) 816-6603<br>Facsimile:  (206) 350-3528<br>bterrell@tmdlegal.com<br>kgunning@tmdlegal.com<br>*Counsel for Plaintiff, Classes and Subclasses* | *Delivery Via:*<br>[  ] U.S. Mail<br>[  ] Overnight Mail<br>[  ] Facsimile<br>[ X ] Hand Delivery<br>[  ] E-Mail<br>[ X ] E-Service (if Opted-In) |

DATED this 20th day of June, 2011.

s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677
Robert D. Stewart, WSBA #8998
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
206.545.0345
206.545.0350 (fax)
E-mail:  kipling@kiplinglawgroup.com
E-mail:  stewart@kiplinglawgroup.com

**Counsel for Defendants**

NOTICE OF FILING OF DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 - 3
(11-2-18096-4 SEA)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350