UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAOUL MEILLEUR, <br><br> Plaintiff, <br><br> v. <br><br> AT&T CORP., and DOES 1 through 20, <br><br> Defendants. | CASE NO. C11-1025MJP <br><br> ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on Defendant AT&T Corp.'s motion to dismiss Plaintiff's claim entitled Count B. (Dkt. No. 43.) Having reviewed the motion, the response (Dkt. No. 47), the reply (Dkt. No. 50), and all related papers, the Court DENIES the motion.

**Background**

In Count B of his complaint, Plaintiff alleges that "[o]n information and belief, Plaintiff Meilleur received two or more telemarketing or solicitation calls from Defendant within a twelve-month period, including the call received on January 6, 2010, and one or more other calls within the preceding twelve months." (Dkt. No. 42 ¶ 2.5.) These allegations are intended to sustain Plaintiff's claim brought under the Telephone Consumer Protection Act ("TCPA") for

violations of the "do-not-call" regulations set out in 47 C.F.R. § 64.1200(c)(2). The TCPA permits such a claim by any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity. . . ." 47 U.S.C.§ 227(c)(5). The Court initially dismissed Plaintiff's "do-not-call" claim because he had not alleged any facts that he had received two or more calls in a twelve month period. Plaintiff has amended his complaint with the above allegations, which AT&T argues continue to be inadequate.

**Analysis**

The motion to dismiss presents the question of whether Plaintiff's factual allegations preceded by the caveat "on information and belief" satisfy Rule 8(a) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court holds they do.

A recent Ninth Circuit opinion suggests that there is nothing inherently wrong with Plaintiff's allegations, which "need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims." See Balderas v. Countrywide Bank, N.A., No. 10-55064, ___ F.3d ___, 2011 WL 6824977, at *3 (9th Cir. Dec. 29, 2011). In Balderas, the court held that allegations the plaintiffs had received a defective notice in violation of the Truth In Lending Act "on or about March 23, 2009," was sufficient to state a claim even where the delivery date was critical to the claim's validity. Id. The Court reasoned that the plaintiffs had presented sufficient factual allegations as to the date of delivery, even if not with one-hundred percent accuracy, to allow the claim to go forward and be tested on the merits. Id. at *4. The Court reaffirmed the notion that "so long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." Id. (quoting In re Gilead Sci. Sec. Litig., 536 F.3d 1049, 1057 (9th Cir. 2008)).

Plaintiff has presented sufficient factual allegations to survive dismissal on Count B of his amended complaint. He has alleged with specificity the date of one call and that "on information and belief," he received another within twelve months. That he cannot remember with specificity the date on which the second call occurred is not fatal. He has alleged that he received two or more calls in a twelve month period, and the fact that he does not remember the precise date does not mean that his claim is implausible or that it does not put Defendants on notice of his claim. Just as the court in Balderas accepted an allegation of "on or about," the Court here accepts an allegation preceded by "on information or belief." Whether the evidence does not support these allegations is not for the Court to determine now when it is merely weighing the adequacy of allegations. It is not implausible that Plaintiff did receive two calls and he has done more than allege mere conclusions cast as factual allegations.

**Conclusion**

The Court DENIES AT&T's motion to dismiss. Plaintiff has alleged sufficient facts to sustain his claim under the TCPA and 47 C.F.R. § 64.1200(c)(2). The allegations are not merely conclusions of law casts as facts or mere labels. They are the Plaintiff's factual allegations based on his best recollection, which is sufficient to permit the issue to proceed to discovery and trial, where a fact finder may be able to weigh the evidence.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of February, 2012.

Marsha J. Pechman
United States District Judge