THE HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7    UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
8                                    WASHINGTON

9  RAOUL MEILLEUR,

10                    Plaintiff,                      NO.  2:11-cv-01025 MJP

11          v.                                        **JOINT MOTION FOR PRELIMINARY**
                                                      **APPROVAL OF CLASS ACTION**
12  AT&T CORP., a New York corporation, and           **SETTLEMENT**
    DOES 1 through 20,
13                                                     **Noted for Consideration:  July 5, 2012**
                      Defendants.
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE No. 2:11-cv-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdlaw.com

1

## TABLE OF CONTENTS

2
Page No.

3   I.   INTRODUCTION ............................................................................................1

4   II.  TERMS OF THE SETTLEMENT .................................................................3

5        1.   Class Definition ................................................................................3

6
     2.   Settlement Benefits to Settlement Class Members..............................4
7
     3.   Claim Form........................................................................................4
8
9        4.   Settlement Class Representative and Class Counsel; Attorneys'
              Fees and Incentive Award ..................................................................4
10
11       5.   Notice ................................................................................................5

12       6.   Opt-Out Rights .................................................................................5

13       7.   Deadlines Contemplated By Settlement Agreement ...........................6

14  III. ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL ...................7

15       A.   The Settlement Agreement Should Be Preliminarily Approved ..........8

16            1.   The Settlement Agreement Is the Result of Engaged,
17                 Arms-Length Negotiations Overseen by an Experienced
                   Mediator ................................................................................9
18
19            2.   The Settlement Agreement Is a Preferable Alternative to
                   the Risks Each Party Would Face Through Continued
20                 Litigation ...............................................................................10

21                 a.   Plaintiff's Assessment of the Risks ...............................10

22                 b.   AT&T's Assessment of the Risks   ...............................11

23            3.   The Settlement Agreement Does Not Give Preferential
                   Treatment to Any Segment of the Class...................................12
24
25            4.   The Settlement Agreement Provides a Substantial Benefit
                   to Class Members and Falls Within a Range of Possible
26                 Approval ................................................................................12

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - i
CASE NO. 2:11-cv-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

B.  The Settlement Class Should Be Provisionally Certified for the Limited Purpose of Settlement ............................................................................13

C.  The Form and Content of Notice Proposed By the Parties Is the Best Notice Practicable Under the Circumstances ................................................14

IV.  CONCLUSION ............................................................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - ii
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Baron v. Direct Capital Corp.*,
    No. C09-00669 (W.D. Wash. Aug. 3, 2010) ....................................................13

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ............................................................................7, 8

*Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974) ...............................................................................13

*Gardner v. Capital Options*,
    No. C07-1918 (W.D. Wash. May 29, 2009) .....................................................13

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
    2008 WL 1901988 (W.D. Wash. Apr. 24, 2008) ............................................12

*Hansen v. Ticket Track, Inc.*,
    213 F.R.D. 412 (W.D. Wash. 2003) ..................................................................14

*Harris v. Vector Mktg. Corp.*,
    2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ...................................................8

*Hovila v. Tween Brands, Inc.*,
    No. C09-00491 (W.D. Wash. Apr. 24, 2012) ...................................................13

*Hughes v. Microsoft Corp.*,
    2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ...........................................9

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2003) ..............................................................................12

*In re Portal Software, Inc. Sec. Litig.*,
    2007 WL 1991529 (N.D. Cal. June 30, 2007) ...................................................8

*Kakani v. Oracle Corp.*,
    2007 WL 2221073 (N.D. Cal. Aug. 2, 2007) ...................................................12

*Kavu, Inc. v. Omnipak Corp.*,
    246 F.R.D. 642 (W.D. Wash. 2007) ..................................................................10

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Kenro, Inc. v. Fax Daily, Inc.,*
    962 F. Supp. 1162 (S.D. Ind. 1997)..............................................................10

*Lewis v. Starbucks Corp.,*
    2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ..............................................9

*Mazza v. Am. Honda Motor Co.,*
    666 F.3d 581 (9th Cir. 2012) .......................................................................13

*Officers for Justice v. Civil Serv. Comm'n,*
    688 F.2d 615 (9th Cir. 1982) ...................................................................8, 12

*Orvis v. Spokane County,* --- F.R.D. ----,
    2012 WL 966935 (E.D. Wash. Mar. 21, 2012) .............................................8

*Silber v. Mabon,*
    18 F.3d 1449 (9th Cir. 1994) .......................................................................14

*Thomas v. NCO Fin. Sys., Inc.,*
    2002 WL 1773035 (E.D. Pa. July 31, 2002) ..............................................14

*Wright v. Linkus Enterprises, Inc.,*
    259 F.R.D. 468 (E.D. Cal. 2009) ................................................................15

## FEDERAL STATUTES

47 C.F.R. § 64.1200(a)(2)(iv)...............................................................................4

## FEDERAL RULES

Fed. R. Civ. P. 23(a)(4) ......................................................................................14

Fed. R. Civ. P. 23(c)(2)(B) .................................................................................14

## OTHER AUTHORITIES

*Manual for Complex Litig.* (Fourth) § 21.62 (2004) ...........................................12

*Manual for Complex Litig.* (Fourth) § 21.632 (2004) .....................................8, 13

*Manual for Complex Litig.* (Fourth) § 21.633 (2004) .........................................13

4 Newberg on Class Actions § 11.41 (2002).........................................................9

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - iv
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Plaintiff Raoul Meilleur ("Plaintiff") and Defendant AT&T Corp. ("AT&T") (the "Parties") hereby move for entry of an Order granting preliminary approval of their Settlement Agreement, attached as Exhibit A to the Declaration of Beth E. Terrell in Support of Joint Motion for Preliminary Approval of Class Action Settlement ("Terrell Decl."). The Parties respectfully request that the Court preliminarily approve the terms of the Settlement Agreement; conditionally certify a class for purposes of settlement (the "Settlement Class" [1]); appoint Plaintiff as the Settlement Class Representative; appoint the law firms of Terrell Marshall Daudt & Willie PLLC and Williamson & Williams as Settlement Class Counsel; approve the form, content, and method of delivering notice to the Settlement Class as set out in the Settlement Agreement; and schedule a final approval hearing in accordance with the deadlines proposed in the Settlement Agreement. A proposed Order, in the form approved by the Parties, is included as Exhibit C to the Settlement Agreement and is submitted herewith for the Court's consideration.

## I. INTRODUCTION

Plaintiff Raoul Meilleur brought this class action in May 2011, alleging on behalf of himself, a nationwide class, and a Washington sub-class that AT&T had violated the federal Telephone Consumer Protection Act ("TCPA") and the Washington Automatic Dialing and Announcing Devices Act ("WADAD") by placing an automated call to Mr. Meilleur's residential telephone number informing him that someone in his household made an international call that would be billed at AT&T's non-discounted rate. *See* Second Amended Class Action Complaint for Damages, Injunctive and Declaratory Relief ("SAC"), Dkt. #42. Plaintiff alleges that this call violated federal and state restrictions on automated calls made for the purpose of solicitation without the recipient's consent, and further alleges that AT&T violated federal "do-not-call" regulations. *Id.*

[1] Capitalized terms have the same meaning as defined in the Settlement Agreement.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  AT&T contends that the automated call to Mr. Meilleur fully complied with the TCPA

2  and the WADAD, principally because the calling program under which AT&T notifies

3  customers of recent, non-discounted international long distance calling activity (the "Calling

4  Program") was not designed to solicit business but instead to reduce write-offs and customer

5  complaints associated with international long distance calls made at AT&T's non-discounted,

6  tariffed rates, by promptly notifying customers that such calls had been made and charges

7  incurred.

8  When AT&T called the Plaintiff on January 6, 2010, he was not an AT&T customer —

9  he had not pre-subscribed to AT&T's long distance service, and he was not a party to a service

10  agreement with AT&T.  Although the Calling Program was originally designed to call both

11  pre-subscribed customers and individuals who were not pre-subscribed but had used AT&T's

12  long distance network on a casual basis (for instance, by using a "10-10" dial around), it

13  appears that the call to Mr. Meilleur was a mistake:  his telephone number was included on the

14  list of numbers to be called by the Calling Program due to a network coding error by Plaintiff's

15  local telephone service provider, Qwest.[2]

16  The parties have vigorously litigated the case and have thoroughly investigated the

17  facts.  AT&T filed two motions to dismiss Plaintiff's individual claims, which the Parties fully

18  briefed and which resulted in Plaintiff's amending his complaint and voluntarily dismissing one

19  of his Washington claims.  Terrell Decl. ¶ 9.  The Parties also responded to interrogatories and

20  document production requests.  *Id.* ¶ 10.  Thereafter, AT&T produced more than 9,000 pages of

21  documents through formal discovery and responded to additional information requests in

22  connection with the mediation process.  *Id.*  Among the documents AT&T produced is a

23  detailed Excel spreadsheet listing information about each call made pursuant to the Calling

24  Program, including whether or not the customer had pre-selected AT&T as the customer's long

25

26  [2]  After the filing of this class action, AT&T revised the Calling Program's selection criteria to exclude individuals who, like Plaintiff, are not pre-subscribed to AT&T's long-distance service or who are on AT&T's internal do-not-call list.

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 2
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    distance carrier, and whether or not the customer was on the national and/or internal do-not-call

2    registry at the time of the call.  *Id.*

3         On April 3, 2012, the Parties notified the Court of their intention to engage in mediated

4    settlement discussions and requested that the Court enter an order staying discovery pending

5    the conclusion of the mediation.  Dkt. #55.  The parties exchanged detailed mediation

6    statements outlining their arguments in light of the discovery record and engaged in intensive

7    mediation on May 29, 2012 with the Hon. Edward A. Infante (Ret.), an experienced mediator

8    and former Chief Magistrate Judge of the United States District Court for the Northern District

9    of California.  Terrell Decl. ¶11.  After nearly eight hours of negotiation, the Parties reached an

10   agreement in principle to settle the claims asserted against AT&T in this class action.  *Id.*

11   Subsequent arms-length negotiations have produced agreement on the specific terms set forth

12   in the Settlement Agreement.  *Id.*  The Parties now present those terms for the Court's

13   preliminary approval.

14                              **II.  TERMS OF THE SETTLEMENT**

15        1.    <u>Class Definition</u>

16   The Settlement Class is defined to include:

17            all persons within the United States who between July 30, 2008
18            and May 29, 2012 received a telephone call pursuant to the Calling
             Program who had not selected AT&T Corp. as their presubscribed
19            long distance carrier at the time of the call, plus all California
             residents who received a call under the Calling Program and were
20            on AT&T's internal do-not-call list at the time they received the
             call.  The Settlement Class excludes (1) any trial judge that may
21            preside over this case; (2) AT&T, any parent, subsidiary, affiliate
             or control person of AT&T, as well as the officers, directors,
22            agents, servants, or employees of same; and (3) the immediate
23            family members of any such person(s).

24   Terrell Decl. Ex. A, ¶ 22.  Excluded from the Settlement Class are non-California residents

25   who had selected AT&T as their pre-subscribed international long distance carrier at the time

26   they were called by the Calling Program; all such individuals are precluded from participating

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 3
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

in this litigation because AT&T's service agreements contain mandatory arbitration provisions, except in California. The Settlement Class also does not include California residents who were pre-subscribed to AT&T at the time they received a call and were not on AT&T's internal do-not-call list; although AT&T's California service agreement does not contain an arbitration provision, California customers who pre-subscribed to AT&T's long distance service and were not on AT&T's internal do-not-call list have an established business relationship ("EBR") with AT&T that forecloses a claim under the TCPA. *See* 47 C.F.R. § 64.1200(a)(2)(iv). Based on their review of the record of calls made under the Calling Program, the Parties estimate that there are more than 15,000 members of the Settlement Class.

2.      Settlement Benefits to Settlement Class Members

Under the terms of the Settlement Agreement, members of the Settlement Class who are Washington residents will be eligible to receive a lump-sum payment from AT&T of $270, and class members residing outside the State of Washington will be eligible to receive a lump-sum payment of $135. These payment amounts are fixed and will not be adjusted based on the number of claim forms submitted.

3.      Claim Form

To receive the Settlement Benefits, Settlement Class members will be required to submit a short claim form certifying that they are (or at the relevant time were) the account-holder for the telephone number dialed by the Calling Program and that they received the Program's prerecorded message. A postage-prepaid postcard Claim Form will be included with the Notice. Claim Forms will be considered timely if they are submitted electronically or postmarked within 60 days after entry of an Order by the Court granting final approval of the Settlement Agreement.

4.      Settlement Class Representative and Class Counsel; Attorneys' Fees and Incentive Award

The Settlement Agreement provides that for purposes of settlement, named Plaintiff Raoul Meilleur will be appointed Settlement Class Representative, and the law firms of Terrell

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 4
CASE NO. 2:11-cv-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   Marshall Daudt & Willie PLLC and Williamson & Williams (who have represented Plaintiff

2   throughout this litigation) will be appointed Settlement Class Counsel.  AT&T will not oppose

3   an application submitted by Plaintiff or Settlement Class Counsel for attorney's fees and costs

4   up to $750,000 and for an individual incentive award for Mr. Meilleur of up to $10,000.  Upon

5   Court approval, AT&T agrees to pay: (i) Class Counsel fees and costs, and an incentive award

6   to Mr. Meilleur, in a total amount not exceeding $760,000; and (ii) all costs incurred by the

7   Claims Administrator in administering the settlement and providing notice thereof.  In

8   exchange, Plaintiff has agreed to a dismissal of this litigation with prejudice.  Plaintiff and all

9   members of the Settlement Class who do not timely opt-out will release AT&T from all claims

10  that were or could have been asserted by them regarding pre-recorded wireline telephone calls

11  made by or on behalf of AT&T.

12        5.     Notice

13        Written notice of the proposed settlement will be provided to the Settlement Class by

14  first-class mail, sent no later than 90 days from the Court's entry of an order granting

15  preliminary approval of settlement.  The mailing address of each Settlement Class member will

16  be determined by performing a reverse look-up of their telephone numbers as dialed by the

17  Calling Program, which are stored in Calling Program records maintained by AT&T.  The

18  name and address data used to perform this query will be updated by the Claims Administrator

19  using the best directory assistance services that are reasonably available, and all returned mail

20  will be run through an additional skip tracing process to identify Settlement Class members

21  who may have recently changed their mailing address.

22        6.     Opt-Out Rights

23        Members of the Settlement Class will be able to opt-out of the class by sending a

24  written request for exclusion to the Claims Administrator by first-class mail.  So-called "class"

25  or "mass" opt-outs will not be permitted.  All individual opt-out notices must be postmarked

26  within 45 days after the notice period has ended.  Also within this 45-day period, any

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 5
CASE NO. 2:11-cv-01025-MJP

Settlement Class member who objects to the Settlement Agreement must file with the Court and serve upon the Parties a written notice along with supporting papers setting forth the objector's grounds for objection.

       7.     Deadlines Contemplated By Settlement Agreement

      The Settlement Agreement  provides that the Parties will file their briefs in support of final approval of the Settlement Agreement 30 days before the deadline to opt out or object to the Settlement, that the Parties will file their responses to any objections no later than 15 days after the deadline for Settlement Class members to opt-out or object, and that the Parties will ask the Court to schedule a final approval hearing to be held at least 7 days after submission of the Parties' responses to any objections.

      The following table sets out the deadlines proposed in the Settlement Agreement:

| EVENT | SCHEDULED DATE |
|---|---|
| Deadline for mailing Notice | 90 days after entry of Preliminary Approval Order (the "Notice Period") |
| Fee and Cost Application Due | 30 days prior to the deadline to opt out or object to the Settlement |
| Parties file their briefs in support of the settlement | 30 days prior to the deadline to opt out or object to the Settlement |
| Last day for Settlement Class members to opt-out of the Settlement | 45 days after completion of the Notice Period |
| Last day for objections to the Settlement to be filed with the Court | 45 days after completion of the Notice Period |
| Parties file responses to objections, if any | No later than 15 days after the deadline for objections to the Settlement |
| Final Approval Hearing | No earlier than 7 days after the Parties file their responses to objections, if any. |
| Last day to submit a valid Claim Form | 60 days after entry of Final Approval Order |

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 6
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| EVENT | SCHEDULED DATE |
|---|---|
| Payment of Incentive Award | 20 days after later of Effective Date or date on which the order on the Fee and Cost Application is final and non-appealable |
| Payment of Attorneys' Fees and Costs | 20 days after later of Effective Date or when the order on the Fee and Cost Application is final and non-appealable |
| Payment to Settlement Class members | Reasonably promptly after the later of the Effective Date or the closure of the claim period. |

Under this proposed schedule, Settlement Class members will have at least 45 days to decide whether or not to opt-out or file objections to the terms of the Settlement Agreement, and at least 30 days to decide whether or not to object to Class Counsel's Fee and Cost Application.

## III.  ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL

In this Motion, the Parties request that the Court:  (i) preliminarily approve the terms of the Settlement Agreement; (ii) conditionally certify a class for purposes of settlement (the "Settlement Class"); (iii) appoint Plaintiff as the Settlement Class Representative; (iv) appoint the law firms of Terrell Marshall Daudt & Willie PLLC and Williamson & Williams as Settlement Class Counsel; (v) approve the form, content, and method of delivering notice to the Settlement Class as set out in the Settlement Agreement as "the best notice that is practicable under the circumstances" (Fed. R. Civ. P 23(c)(2)(B)); and (vi) schedule a final approval hearing in accordance with the deadlines proposed in the Settlement Agreement.  The Settlement Agreement represents the Parties' best efforts to settle this litigation on terms that are fair and reasonable under the circumstances and that adequately protect the interests of absent class members.  Accordingly, the Settlement Agreement meets the threshold requirements for preliminary approval, especially in light of the "strong judicial policy that favors settlements [of] complex class action litigation." *Class Plaintiffs v. City of Seattle*, 955

F.2d 1268, 1276 (9th Cir. 1992) (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).[3]

### A. The Settlement Agreement Should Be Preliminarily Approved

A motion for preliminary approval of a class action settlement does not require the Court to make a conclusive finding that the terms are "fundamentally fair, adequate, and reasonable." *Officers for Justice*, 688 F.2d at 625 (9th Cir. 1982) (discussing the "universally applied standard" for final approval of proposed class-action settlements). That issue is appropriate for the Court to decide only after a formal fairness hearing, where class members have an opportunity to be heard and present any objections to settlement. At the preliminary approval stage,

> [i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing.

*In re Portal Software, Inc. Sec. Litig.*, 2007 WL 1991529, at *5 (N.D. Cal. June 30, 2007) (quoting *Schwartz v. Dallas Cowboys Football Club*, 157 F. Supp. 2d 561, 570 n.12 (E.D. Pa. 2001)); *accord*, *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011) (collecting cases). The Parties' Settlement Agreement is the product of serious and informed arms-length negotiations and falls well within a "range of reasonableness" sufficient to warrant its preliminary approval. *See Orvis v. Spokane County*, --- F.R.D. ----, 2012 WL 966935, at *6 (E.D. Wash. Mar. 21, 2012).

---

[3] Neither formal notice to potential class members nor a hearing is required to preliminarily approve a settlement class. This Court may grant such relief on the basis of the Parties' Motion, and may conduct an informal hearing in chambers as necessary. *See Manual for Complex Litig.* (Fourth) § 21.632 (2004).

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1      1.   <u>The Settlement Agreement Is the Result of Engaged, Arms-Length Negotiations Overseen by an Experienced Mediator</u>

The Court's primary responsibility on a motion for preliminary approval is to ensure that the settlement agreement does not appear to be "the product of fraud or overreaching by, or collusion between, the negotiating parties." *Lewis v. Starbucks Corp.*, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008) (quoting *Officers for Justice*, 688 F.2d at 625). Accordingly, "[a] presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced [and] capable counsel after meaningful discovery." *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) (citation omitted); *accord*, 4 Newberg on Class Actions § 11.41 ("There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval."). Such a presumption is appropriate here.

AT&T's two motions to dismiss vigorously challenged whether Plaintiff had stated a claim for relief under four of his five asserted causes of action. Terrell Decl. ¶ 9. The Court ultimately denied AT&T's motions with respect to three of the challenged claims; Plaintiff voluntarily dismissed the fourth. *See id.*; *see also* Dkt. #38; Dkt. #51. Plaintiff subsequently conducted extensive fact discovery into the origins, purpose, and operation of the Calling Program, resulting in the production of over 9,000 pages of discovery material in addition to detailed and substantive interrogatory responses. Terrell Decl. ¶ 10. AT&T produced voluminous data pertaining to each of the telephone numbers dialed by the Calling Program, including, among other things, whether those numbers belonged to individuals who were presubscribed to AT&T for long distance service and/or were on the national or AT&T do-not-call list. *Id.* Much of this record was relied upon by both Parties in briefs they exchanged in advance of their mediation. *Id.* ¶ 11 When the Parties met in person with Judge Infante, he facilitated productive discussions over the course of an entire day that thoroughly tested the Parties' respective theories of the case. *Id.*

JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 9
CASE No. 2:11-cv-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Thus, the Parties' agreement to settle this litigation reflects well-informed and engaged arms-length bargaining with the assistance of a highly experienced mediator.  Plaintiff's counsel have litigated numerous class actions—many within this District—including cases involving the legality of automated pre-recorded messages under both the TCPA and the WADAD.  Terrell Decl. ¶¶ 3-6; Declaration of Rob Williamson and Kim Williams in Support of Joint Motion for Preliminary Approval of Class Action Settlement ("Williamson Decl.") ¶¶ 2-3, 7.  For its part, AT&T is represented by experienced counsel who have thoroughly investigated Plaintiff's claims and assessed their potential value.  The Settlement Agreement is not the product of collusion; to the contrary, it reflects the independent judgment of counsel for both Parties that its terms are fair and reasonable under the circumstances.

    2.    <u>The Settlement Agreement Is a Preferable Alternative to the Risks Each Party Would Face Through Continued Litigation</u>

    a.    Plaintiff's Assessment of the Risks

In agreeing to an award of $270 for Washington residents in the Settlement Class and an award of $135 for all other Settlement Class members, Plaintiff and his counsel have considered the risks inherent to litigation and the various defenses available to AT&T.  Terrell Decl. ¶ 7.  The reality that Plaintiff and class members could end up recovering only a fraction of the settlement benefits or even losing at trial was significant enough to convince Plaintiff and Plaintiff's counsel that the settlement reached with AT&T outweighs the gamble of continued litigation.  *Id.*

While Plaintiff successfully opposed AT&T's motions to dismiss, he was aware that going forward, there was a risk that the Court could decline to certify this case as a class action.  Terrell Decl. ¶ 9.  Courts are split and have either granted or denied class certification in robocalling and robofaxing cases brought under the TCPA depending upon the facts of the case.  *Compare Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007) (granting class certification) with *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification).  While Plaintiff believes the facts of this case make class

JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:11-cv-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    certification appropriate, he is aware that if AT&T were able to present convincing facts to

2    supports its position, the Court could have denied Plaintiff's motion for class certification,

3    leaving Plaintiff to pursue his individual claim.  *Id.*

4          Finally, there is a substantial risk of losing in any jury trial.  And, even if Plaintiff did

5    prevail, any recovery could be delayed for years by an appeal.  The Settlement provides

6    substantial relief to Settlement Class members without further delay.

7                    b.    AT&T's Assessment of the Risks

8          AT&T maintains that the Calling Program is not a solicitation.  Rather, AT&T

9    developed the Calling Program to notify long-distance customers of recent, non-discounted

10   international calling activity on their telephones before it would appear on their monthly bill.

11   Once a customer receives a pre-bill notification from the Calling Program, that customer is free

12   to take whatever action the customer deems appropriate, including calling AT&T and inquiring

13   about the charges or requesting a discounted calling plan; asking AT&T to block subsequent

14   international calls dialed from the customer's telephone; or doing nothing.  There is no

15   evidence that AT&T evaluates the success or failure of the Calling Program based upon which

16   of these courses of action the customer chooses.

17         If the parties had not settled, AT&T would have continued to vigorously defend the

18   Calling Program as a pre-bill notification program rather than a solicitation and would have

19   vigorously opposed class certification.  AT&T also would have sought to demonstrate that a

20   substantial number of Settlement Class members have formed an EBR with AT&T through

21   their relationships with AT&T affiliates or their occasional use of the AT&T long-distance

22   network.  And AT&T would have relied on the arbitration provision in its non-California

23   service agreements to limit the class to persons who are not parties to such agreements.

24         Nevertheless, AT&T recognizes that there are uncertainties in the law and inherent risks

25   in continued litigation.  AT&T also recognizes that there may be a number of Settlement Class

26   members who, like the Plaintiff, received a call by mistake and for whom the EBR defense is

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 11
CASE NO. 2:11-cv-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   unavailable.  The compensation scheme available to Class Members under the Settlement

2   Agreement strikes an appropriate balance that fairly accounts for these risks while protecting

3   AT&T from potential liability for the full measure of statutory damages authorized under the

4   TCPA and the WADAD.

5        3.   The Settlement Agreement Does Not Give Preferential Treatment to Any
             Segment of the Class

6

7        The Settlement Agreement provides the same $135 Settlement Benefit to each member

8   of the Settlement Class.  The ability of Washington Settlement Class Members to recover twice

9   that amount—$270—reflects the fact that Plaintiff has asserted claims on their behalf under

10  both the TCPA and the WADAD, giving Washington Settlement Class Members a chance for

11  double recovery not available to other Class Members had this litigation continued.

12       The Parties have also agreed that Mr. Meilleur may request an incentive award of up to

13  $10,000.  Plaintiff believes that Mr. Meilleur's right to seek an incentive award for bringing

14  and litigating this case on behalf of the class is permissible and promotes a public policy of

15  encouraging individuals to undertake the responsibility of representative lawsuits.  Incentive

16  awards are often approved in class settlements.  *See Grays Harbor Adventist Christian Sch. v.*

17  *Carrier Corp.*, 2008 WL 1901988, at *7 (W.D. Wash. Apr. 24, 2008); *In re Mego Fin. Corp.*

18  *Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2003); *see also Manual for Complex Litig.* (Fourth)

19  § 21.62 n.336 (2004) (incentive awards may be "merited for time spent meeting with class

20  members, monitoring cases, or responding to discovery") (citation omitted).  AT&T does not

21  oppose an incentive award to Mr. Meilleur as provided in the Settlement Agreement.

22       4.   The Settlement Agreement Provides a Substantial Benefit to Class Members
             and Falls Within a Range of Possible Approval

23       "It is well-settled law that a cash settlement amounting to only a fraction of the potential

24  recovery will not per se render the settlement inadequate or unfair."  *Officers for Justice*, 688

25  F.2d at 628 (citations omitted); *accord, Kakani v. Oracle Corp.*, 2007 WL 2221073, at *3

26  (N.D. Cal. Aug. 2, 2007) (granting preliminary approval of settlement award for 12.3% of

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 12
CASE NO. 2:11-cv-01025-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

maximum possible recovery); *Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974) (affirming approval of award representing 12% of maximum possible recovery), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Here, the Settlement Agreement provides for recovery that is much higher—more than 25% of maximum statutory damages authorized under the TCPA and WADAD—and thus falls squarely within a range of similar "claims made" settlements in TCPA cases that courts within this District have approved as fundamentally fair, reasonable, and adequate. *See, e.g.*, *Gardner v. Capital Options*, No. C07-1918, Dkt. #32 (W.D. Wash. May 29, 2009) (Coughenour, J.) (approving settlement agreement providing for a payment of $170 to each class member); *Baron v. Direct Capital Corp.*, No. C09-00669, Dkt. #44 (W.D. Wash. Aug. 3, 2010) (Robart, J.) (approving settlement agreement providing for $135 to each class member); *Hovila v. Tween Brands, Inc.*, No. C09-00491, Dkt. #141 (W.D. Wash. Apr. 24, 2012) (Lasnik, J.) (approving settlement agreement providing for $20 or $45 in merchandise to each class member).

**B.**   **The Settlement Class Should Be Provisionally Certified for the Limited Purpose of Settlement**

The Parties request that the Court provisionally certify the Settlement Class for settlement purposes only. Provisional certification will permit the Claims Administrator to provide notice of the proposed settlement to the Settlement Class to inform them of the existence and terms of the Settlement Agreement, their right to opt-out or object, and the date, time, and location of the formal fairness hearing. *See generally Manual for Complex Litig.* (Fourth) §§ 21.632-633 (2004).

The Settlement Class is a nationwide class comprised of more than 15,000 individuals; joinder would therefore be impracticable. In addition, numerous issues of law and fact are common to the Settlement Class, beginning with the fundamental question of whether the prerecorded message Class Members received from the Calling Program was a solicitation. That is a "significant aspect of the case" that could be resolved on a class-wide basis. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*,

150 F.3d 1011, 1022 (9th Cir. 1998)).  Moreover, the messages that Settlement Class members received were substantially identical to the message that Plaintiff received from the Calling Program.  Plaintiff's claim that the Calling Program violated the TCPA and the WADAD is therefore typical of the claims he alleges on behalf of the Settlement Class.

The adequacy of representation requirement is satisfied because Plaintiff's interests are coextensive with, and not antagonistic to, the interests of the Settlement Class.  *See* Fed. R. Civ. P. 23(a)(4); *see also Hansen v. Ticket Track, Inc.,* 213 F.R.D. 412, 415-16 (W.D. Wash. 2003).  Further, Plaintiff is represented by qualified and competent counsel who have extensive experience and expertise in prosecuting complex class actions, including TCPA and other consumer cases.  *See* Williamson Decl. ¶¶ 2-3, 7; Terrell Decl. ¶¶ 3-6.

## C.    The Form and Content of Notice Proposed By the Parties Is the Best Notice Practicable Under the Circumstances

Once a settlement class is certified, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).[4]  Notice must plainly inform class members of:  "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment."  *Id.*

The Parties believe the Settlement Agreement establishes a notice procedure that satisfies these standards.  First, the proposed Notice (Exhibit D to the Settlement Agreement) clearly communicates the information required by Rule 23(c)(2)(B)(i)-(vi).  Second, the

---

[4]  Fed. R. Civ. P. 32(e)(1) also requires that class members receive notice of a proposed settlement "in a reasonable manner."  Here, where the Parties propose to give notice of both certification *and* proposed settlement, "notice of certification and of the proposed settlement are properly combined but must satisfy the requirement of Rule 23(c)(2)."  *Thomas v. NCO Fin. Sys., Inc.*, 2002 WL 1773035, at *7 (E.D. Pa. July 31, 2002) (citations omitted); *see also Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (applying Rule 23(c)(2) standard to settlement class).

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 14
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Settlement Agreement calls for a process that the Parties anticipate will provide individual notice by first-class mail to substantially all Settlement Class members. The Calling Program's records contain every telephone number dialed by the program since its inception in July 2008. The Claims Administrator will use those telephone numbers to perform a reverse look-up of class members' current or last-known address information, and will then cross-reference this information with commercially available change of address databases to confirm its accuracy. In addition, any returned mail will be run through a skip tracing process. Courts have determined that similar measures are "the best practicable means available under the circumstances" and are "reasonably calculated to provide notice to potential class members." *Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468, 475 (E.D. Cal. 2009) (approving methods offered "to ensure the most up-to-date and accurate addresses for Class Members," including "searches on all returned and undelivered mail," as adequate under Rule 23(c)(2)(B)).

## IV.  CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court enter their proposed Order:

1.  Preliminarily approving the terms of the Parties' Settlement Agreement;

2.  Conditionally certifying the Settlement Class for limited purposes of settlement;

3.  Appointing Plaintiff as Settlement Class Representative;

4.  Appointing the law firms of Terrell Marshall Daudt & Willie PLLC and Williamson & Williams as Settlement Class Counsel;

5.  Approving the form, content, and method of delivering notice to the Settlement Class set forth in the Parties' Settlement Agreement and the exhibits thereto; and

6.  Scheduling a final approval hearing in accordance with the deadlines provided in the Settlement Agreement.

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 15
CASE NO. 2:11-cv-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

RESPECTFULLY SUBMITTED this 5th day of July, 2012.

2

TERRELL MARSHALL DAUDT                    KIPLING LAW GROUP PLLC

3      & WILLIE PLLC

4

5      By: /s/ Kimberlee L Gunning, WSBA #35366      By:  /s/ Michael E. Kipling, WSBA #7677
            Beth E. Terrell, WSBA #26759                      Michael E. Kipling, WSBA #7677
6           Email: bterrell@tmdwlaw.com                       E-mail: kipling@kiplinglawgroup.com
            Kimberlee L. Gunning, WSBA #35366                 Robert D. Stewart, WSBA #8998
7           Email: kgunning@tmdwlaw.com                       E-mail: stewart@kiplinglawgroup.com
            936 North 34th Street, Suite 400                  3601 Fremont Avenue North, Suite 414
8           Seattle, Washington  98103                        Seattle, Washington  98103
            Telephone:  206.816.6603                          Telephone:  206.545.0345
9           Facsimile:  206.350.3528                          Facsimile:  206.545.0350

10
            Rob Williamson, WSBA #11387                       Theodore A. Livingston, *Admitted*
11          Email:  roblin@williamslaw.com                      *Pro Hac Vice*
            Kim Williams, WSBA #9077                          Email:  tlivingston@mayerbrown.com
12          Email:  kim@williamslaw.com                       John E. Muench, *Admitted Pro Hac Vice*
            WILLIAMSON & WILLIAMS                             Email:  jmuench@mayerbrown.com
13          17253 Agate Street NE                             Hans J. Germann, *Admitted Pro Hac Vice*
            Bainbridge Island, Washington  98110              hgermann@mayerbrown.com
14          Telephone:  206.780.4447                          Jeffrey M. Strauss, *Admitted Pro Hac*
            Facsimile:  206.780.5557                          *Vice*
15                                                            Email:  jstrauss@mayerbrown.com
16       *Attorneys for Plaintiff and the Class*             MAYER BROWN LLP
                                                              71 South Wacker Drive
17                                                            Chicago, Illinois   60606
                                                              Telephone:  312.782.0600
18                                                            Facsimile:  312.701.7711

19
                                                              Geoffrey Amsel, *Admitted Pro Hac Vice*
20                                                            E-mail: ga4146@att.com
                                                              AT&T SERVICES, INC.
21                                                            208 South Akard, Room 3116
                                                              Dallas, Texas 75202
22                                                            Telephone:  214.757.3478
                                                              Facsimile:  214.761.8235
23

24                                                            *Attorneys for Defendants*

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

I, Kimberlee L. Gunning, hereby certify that on July 5, 2012, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

> Michael E. Kipling, WSBA #7677
> E-mail: kipling@kiplinglawgroup.com
> Robert D. Stewart, WSBA #8998
> E-mail: stewart@kiplinglawgroup.com
> KIPLING LAW GROUP PLLC
> 3601 Fremont Avenue North, Suite 414
> Seattle, Washington  98103
> Telephone:  206.545.0345
> Facsimile:  206.545.0350
>
> Geoffrey Amsel, *Admitted Pro Hac Vice*
> E-mail: ga4146@att.com
> AT&T SERVICES, INC.
> 208 South Akard, Room 3116
> Dallas, Texas 75202
> Telephone:  214.757.3478
> Facsimile:  214.761.8235
>
> Theodore A. Livingston, *Admitted Pro Hac Vice*
> Email:  tlivingston@mayerbrown.com
> John E. Muench, *Admitted Pro Hac Vice*
> Email:  jmuench@mayerbrown.com
> Hans J. Germann, *Admitted Pro Hac Vice*
> hgermann@mayerbrown.com
> Jeffrey M. Strauss, *Admitted Pro Hac Vice*
> Email:  jstrauss@mayerbrown.com
> Kyle J. Steinmetz, *Admitted Pro Hac Vice*
> Email:  ksteinmetz@mayerbrown.com
> Matthew D. Provance, *Admitted Pro Hac Vice*
> Email:  mprovance@mayerbrown.com
> MAYER BROWN LLP
> 71 South Wacker Drive
> Chicago, Illinois   60606
> Telephone:  312.782.0600
> Facsimile:  312.701.7711
>
> *Attorneys for Defendants*

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 17
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DATED this 5th day of July, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC


By: /s/ Kimberlee L Gunning, WSBA #35366
     Kimberlee L. Gunning, WSBA #35366
     Email: kgunning@tmdwlaw.com
     936 North 34th Street, Suite 400
     Seattle, Washington  98103
     Telephone:  206.816.6603
     Facsimile:  206.350.3528

*Attorneys for Plaintiff and the Classes and Subclass*

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 18
CASE NO. 2:11-CV-01025-MJP