THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAOUL MEILLEUR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AT&T CORP., a New York corporation, and DOES 1 through 20,<br><br>　　　　　　Defendants. | NO.  2:11-cv-01025 MJP<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT; CONDITIONALLY CERTIFYING SETTLEMENT CLASS; APPROVING NOTICE; AND SETTING DATE FOR FINAL APPROVAL HEARING** |

**WHEREAS,** Plaintiff and Defendants have reached a proposed settlement and compromise of the disputes between them and other similarly situated individuals in the Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS,** Plaintiff and Defendants have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS,** AT&T contends the automated outbound calling program that Mr. Meilleur received a call from complies fully with the Telephone Consumer Protection Act

ORDER PRELIMINARILY APPROVING SETTLEMENT;
CONDITIONALLY CERTIFYING SETTLEMENT CLASS;
APPROVING NOTICE; AND SETTING DATE FOR FINAL
APPROVAL HEARING - 1
CASE NO. 2:11-CV-01025-MJP

("TCPA") and the Washington Automated Dialing and Announcing Devices Act ("WADAD") because, among other reasons, the call was not a solicitation, and vigorously denies each of the claims asserted against it in the Action;

**WHEREAS,** the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties, and the requirements of law; and

**WHEREAS,** it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable, and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally determine whether the proposed Settlement is fair, reasonable, and adequate and whether a Final Approval Order and Judgment should be entered in this Action based upon the Settlement Agreement.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court preliminarily approves the Settlement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a full hearing on the approval of the Settlement.

3. The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations involving mediation before the Hon. Edward A. Infante, an experienced mediator who served as the Chief Magistrate Judge of the United States District Court for the Northern District of California before his retirement from the federal bench.  The Settlement Agreement is not the result of collusion.

4. For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, which consists of:

ORDER PRELIMINARILY APPROVING SETTLEMENT;
CONDITIONALLY CERTIFYING SETTLEMENT CLASS;
APPROVING NOTICE; AND SETTING DATE FOR FINAL
APPROVAL HEARING - 2
CASE NO. 2:11-CV-01025-MJP

> All persons within the United States who between July 30, 2008 and May 29, 2012 received a telephone call pursuant to the Calling Program who had not selected AT&T Corp. as their presubscribed long distance carrier at the time of the call, plus all California residents who received a call under the Calling Program and were on AT&T's internal do-not-call list at the time they received the call.

Excluded from the Class are the following : (1) Any trial judge that may preside over this case; (2) Defendants, any parent, subsidiary, affiliate or control person of defendants, as well as the officers, directors, agents, servants or employees of defendants; and (3) the immediate family members of any such person(s).

     5.    The Court preliminarily finds, solely for purposes of considering this Settlement that:

    a.    The above-described Settlement Class is so numerous that joinder of all members is impracticable;

    b.    There are questions of law or fact common to the Settlement Class, including whether the Calling Program constituted a solicitation;

    c.    The claims of the Settlement Class Representative are typical of the claims of the Settlement Class;

    d.    The Settlement Class Representative will fairly and adequately protect the interest of the Settlement Class;

    e.    The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

    f.    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court finds that it has personal jurisdiction over all Settlement Class members, including the absent Settlement Class members.

7. The Named Plaintiff, Raoul Meilleur, shall be the Settlement Class Representative of the Settlement Class; this Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Settlement Class members.

8. The Court appoints the law firms of Terrell Marshall Daudt & Willie PLLC and Williamson & Williams as Settlement Class Counsel; this Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Settlement Class members.

9. A Final Approval Hearing shall be held before this Court at <u>9:00 AM</u> on <u>March 8, 2013</u> to address (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; and (b) whether Class Counsel's Fee and Cost Application and Incentive Award for Named Plaintiff should be approved. Papers in support of final approval of the Settlement, the incentive award to Named Plaintiff, and Class Counsel's Fee and Cost Application shall be filed with the Court according to the schedule set forth in Paragraph 18 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class members with respect to the Released Claims being settled.

10. The Court approves, as to form and content, the use of the Claim Form and written Notice substantially similar to the forms attached as Exhibits A and D to the Settlement Agreement, respectively. Written Notice will be provided to members of the Settlement Class by first-class U.S. mail using AT&T's records of telephone numbers it called or attempted to

call under the Calling Program and a reverse look-up process, updated by the Claims Administrator in the normal course of business, and returned mail shall be run through a skip tracing process. A postage-prepaid postcard Claim Form shall be included with the Notice. All Notices shall be mailed within 90 days of the date of entry of this Preliminary Approval Order. No later than five business days prior to the Final Approval Hearing, the Settlement Administrator and AT&T shall file with the Court declarations attesting to compliance with this Order.

11. The costs of Notice shall be paid by AT&T, as provided in the Settlement Agreement.

12. The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

13. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 45 days after the completion of the Notice period.

14. Each request for exclusion must be personally signed by the individual Settlement Class member; any so-called "mass" or "class" opt-outs shall not be allowed. No person shall purport to exercise any exclusion rights of any other Person, or purport to exclude any other Settlement Class member as a group, aggregate or class involving more than one

ORDER PRELIMINARILY APPROVING SETTLEMENT;
CONDITIONALLY CERTIFYING SETTLEMENT CLASS;
APPROVING NOTICE; AND SETTING DATE FOR FINAL
APPROVAL HEARING - 5
CASE NO. 2:11-CV-01025-MJP

Settlement Class member, or as an agent or representative. Any such purported exclusion shall be void and the Person(s) that is/are the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

15. Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

16. Any Settlement Class member who does not submit a valid and timely request for exclusion may object to the proposed Settlement, or to Settlement Class Counsel's Fee and Cost Application. Any such Settlement Class member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class member's own expense. Any such Settlement Class member must file with the Court and serve on counsel for AT&T and Settlement Class Counsel a written notice of intention to appear together with supporting papers including a detailed statement of the specific objections made no later than 45 days after the conclusion of the Notice period. Any Settlement Class member that fails to do so shall be foreclosed from making such objection or opposition, by appeal, collateral attack or otherwise.

17. Stay/Bar of Other Proceedings. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class and all persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) any released claim against any of the released parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

18. Schedule of Future Events. Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Notice deadline | 90 days after entry of Preliminary Approval Order |
| Fee and Cost Application Due | 30 days prior to the deadline to opt out or object to the Settlement |
| Parties' briefs in support of the Settlement due | 30 days prior to the deadline to opt out or object to the Settlement |
| Last day for Settlement Class members to opt-out of the Settlement | 45 days after completion of the Notice period |
| Last day for objections to the Settlement to be filed with the Court | 45 days after completion of the Notice period |
| Parties file responses to objections, if any | No later than 15 days after the deadline for objections to the Settlement. |
| Final Approval Hearing | No earlier than 7 days after the submission of the Parties' responses to any objections. |
| Last day to submit a valid Claim Form | 60 days after entry of the Final Approval Order |
| Payment of Incentive Award | 20 days after later of Effective Date or when the order on the Fee and Cost Application is final and non-appealable |
| Payment of Attorneys' Fees and Costs | 20 days after later of Effective Date or when the order on the Fee and Cost Application is final and non-appealable |
| Payment to Settlement Class members | Reasonably promptly after the later of the Effective Date or the closure of the claim period. |

ORDER PRELIMINARILY APPROVING SETTLEMENT;
CONDITIONALLY CERTIFYING SETTLEMENT CLASS;
APPROVING NOTICE; AND SETTING DATE FOR FINAL
APPROVAL HEARING - 7
CASE NO. 2:11-CV-01025-MJP

19. Service of all papers on counsel for the parties shall be made as follows: for Settlement Class Counsel: to Beth Terrell, Terrell Marshall Daudt & Willie PLLC, 936 N. 34th St. Suite 400, Seattle, Washington, 98103, and Rob Williamson, Williamson & Williams, 17253 Agate Street NE, Bainbridge Island, Washington, 98110.  For Defendants: Theodore Livingston, Mayer Brown LLP, 71 S. Wacker Drive, Chicago, IL, 60606.

20. In the event that the Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement Agreement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other action; in such event the Settlement Agreement, exhibits, attachments, and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

21. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class members.

IT IS SO ORDERED.

Dated this 7th day of August, 2012.

                    Marsha J. Pechman
                    United States District Judge

Presented by:

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
     Beth E. Terrell, WSBA #26759
     Email: bterrell@tmdwlaw.com
     Kimberlee L. Gunning, WSBA #35366
     Email: kgunning@tmdwlaw.com
     936 North 34th Street, Suite 400
     Seattle, Washington  98103
     Telephone:  206.816.6603
     Facsimile:  206.350.3528

     Rob Williamson, WSBA #11387
     Email:  roblin@williamslaw.com
     Kim Williams, WSBA #9077
     Email:  kim@williamslaw.com
     WILLIAMSON & WILLIAMS
     17253 Agate Street NE
     Bainbridge Island, WA  98110
     Telephone:  206.780.4447
     Facsimile:  206.780.5557

*Attorneys for Plaintiff and the Classes and Subclass*

KIPLING LAW GROUP PLLC

By:   /s/ Michael E. Kipling, WSBA #7677
     Michael E. Kipling, WSBA #7677
     E-mail: kipling@kiplinglawgroup.com
     Robert D. Stewart, WSBA #8998
     E-mail: stewart@kiplinglawgroup.com
     3601 Fremont Avenue North, Suite 414
     Seattle, Washington  98103
     Telephone:  206.545.0345
     Facsimile:  206.545.0350

     Theodore A. Livingston, *Admitted Pro Hac Vice*
     Email: tlivingston@mayerbrown.com
     John E. Muench, *Admitted Pro Hac Vice*
     Email:  jmuench@mayerbrown.com
     Hans J. Germann, *Admitted Pro Hac Vice*
     hgermann@mayerbrown.com

ORDER PRELIMINARILY APPROVING SETTLEMENT;
CONDITIONALLY CERTIFYING SETTLEMENT CLASS;
APPROVING NOTICE; AND SETTING DATE FOR FINAL
APPROVAL HEARING - 9
CASE NO. 2:11-CV-01025-MJP

1 | Jeffrey M. Strauss, *Admitted Pro Hac Vice*
Email: jstrauss@mayerbrown.com
2 | MAYER BROWN LLP
71 South Wacker Drive
3 | Chicago, Illinois 60606
Telephone: 312.782.0600
4 | Facsimile: 312.701.7711

5
6 | Geoffrey Amsel, *Admitted Pro Hac Vice*
E-mail: ga4146@att.com
7 | AT&T SERVICES, INC.
208 South Akard, Room 3116
8 | Dallas, Texas 75202
Telephone: 214.757.3478
9 | Facsimile: 214.761.8235

10 | *Attorneys for Defendants*

ORDER PRELIMINARILY APPROVING SETTLEMENT;
CONDITIONALLY CERTIFYING SETTLEMENT CLASS;
APPROVING NOTICE; AND SETTING DATE FOR FINAL
APPROVAL HEARING - 10
CASE NO. 2:11-CV-01025-MJP