THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAOUL MEILLEUR,<br><br>            Plaintiff,<br><br>   v.<br><br>AT&T CORP., a New York corporation, and DOES 1 through 20,<br><br>            Defendants. | NO. 2:11-cv-01025 MJP<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Noted for Consideration: March 8, 2013** |

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ..................................................................................... 1

III. AUTHORITY AND ARGUMENT ........................................................................... 2

    A. The Settlement Is the Result of Informed, Arm's-Length Negotiations .............. 2

    B. Class Members Received the Best Notice Practicable ........................................ 4

    C. The Settlement Agreement Satisfies the Criteria for Final Approval ................. 6

        1. The Strength of Plaintiff's Case ............................................................... 6

        2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation ................................................................................................ 7

        3. The Risk of Maintaining Class Action Status ......................................... 7

        4. The Amount Offered in Settlement ......................................................... 8

        5. The Extent of Discovery Completed and the Stage of the Proceeding ... 9

        6. The Experience and Views of Counsel .................................................... 9

        7. The Presence of a Governmental Participant ........................................ 10

        8. The Reaction of Settlement Class Members ......................................... 10

IV. CONCLUSION ......................................................................................................... 11

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Agne v. Papa John's Int'l, Inc.*
  No. C10-1139-JCC, -- F.R.D. --, 2012 WL 5473719 (W.D. Wash. Nov. 9, 2012) ................. 8

*Baron v. Direct Capital Corp.*
  No. C09-00669 (W.D. Wash. Aug. 3, 2010) ........................................................................ 8

*Fulford v. Logitech, Inc.*
  No. C-08-2041, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010) ............................... 7

*Gardner v. Capital Options*
  No. C07-1918 (W.D. Wash. May 29, 2009) ........................................................................ 8

*Garner v. State Farm Auto Ins. Co.*
  No. CV 08 1365 CW, 2010 WL 1687832 (N.D. Cal. April 22, 2010) .................................. 10

*Gene & Gene, LLC v. BioPay, LLC*
  624 F.3d 698 (5th Cir. 2010) ............................................................................................... 8

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*
  No. 05-05437, 2008 WL 1901988 (W.D. Wash. Apr. 24, 2008) ........................................... 9

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ............................................................................................. 2

*Hovila v. Tween Brands, Inc.*
  No. C09-00491 (W.D. Wash. Apr. 24, 2012) ....................................................................... 8

*Hughes v. Microsoft Corp.*
  No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ................. 3

*In re Bluetooth Headset Prods. Liab. Litig.*
  654 F.3d 935 (9th Cir. 2011) ............................................................................................... 6

*In re Mego Fin. Corp. Sec. Litig.*
  213 F.3d 454 (9th Cir. 2003) ............................................................................................... 9

*In re Mercury Interactive Corp. Sec. Litig.*
  618 F.3d 988 (9th Cir. 2010) ............................................................................................... 6

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*
  227 F.R.D. 553 (W.D. Wash. 2004) .................................................................................... 4

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - ii
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Officers for Justice v. Civil Serv. Comm'n*
   688 F.2d 615 (9th Cir. 1982) ................................................................................... 7

*Pelletz v. Weyerhaeuser Co.*
   255 F.R.D. 537 (W.D. Wash. 2009) ............................................................... 4, 9, 10

*Shames v. Hertz Corp.*
   No. 07 CV-2174, 2012 WL 5392159 (S.D. Cal. Nov 05, 2012) ............................ 9

*Staton v. Boeing Co.*
   327 F.3d 938 (9th Cir. 2003) ................................................................................... 2

**FEDERAL STATUTES & RULES**

28 U.S.C. § 1715 ............................................................................................................ 10

47 C.F.R. § 64.1200(a)(2)(iv) .......................................................................................... 7

47 U.S.C. § 227 ................................................................................................................ 1

**STATE STATUTES**

RCW 80.36.400 ................................................................................................................ 1

**OTHER AUTHORITIES**

*Manual for Complex Litig.* (Fourth) § 21.61, at 480 (2004). ......................................... 2

*Manual for Complex Litig.* (Fourth) § 21.62 n.336 (2004) ............................................ 9

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iii
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## I. INTRODUCTION

Plaintiff Raoul Meilleur ("Plaintiff") respectfully submits this memorandum in support of his motion for final approval of the Class Action Settlement Agreement. For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, the Settlement is fair, adequate and reasonable and in the best interests of the Class. Accordingly, Plaintiff respectfully requests that the Court grant final approval to the Settlement by: (1) approving the proposed Settlement as fair, adequate, and reasonable for the certified Settlement Class; and (2) determining that adequate notice was provided to the Settlement Class.

## II. FACTUAL BACKGROUND

Plaintiff brought this class action in May 2011, alleging on behalf of himself, a nationwide class and a Washington sub-class that AT&T Corp. ("AT&T") had violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") and the Washington Automatic Dialing and Announcing Devices Act, RCW 80.36.400 ("WADAD") by placing an automated call to Mr. Meilleur's residential telephone number informing him that someone in his household made an international call that would be billed at AT&T's non-discounted rate. *See* Second Amended Class Action Complaint for Damages, Injunctive and Declaratory Relief ("SAC"), Dkt. #42. The pre-recorded message provided a telephone number for Plaintiff to call and urged him to do so. *See id.* Plaintiff alleges that this call violated federal and state restrictions on automated calls made for the purpose of solicitation without the recipient's consent, and further alleges that AT&T violated federal "do-not-call" regulations. *Id.*

AT&T contends that the automated call to Mr. Meilleur fully complied with the TCPA and the WADAD, principally because the calling program under which AT&T notifies customers of recent, non-discounted international long distance calling activity (the "Calling Program") was not designed to solicit business but instead to reduce write-offs and customer complaints by promptly notifying customers of the charges incurred.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

The parties have vigorously litigated and thoroughly investigated the case. AT&T filed two motions to dismiss Plaintiff's individual claims, after which Plaintiff amended his complaint and voluntarily dismissed one of his claims. Terrell Decl. ¶ 8. The Parties responded to interrogatories and document production requests. *Id.* AT&T produced more than 9,000 pages of documents through formal discovery and produced additional information in connection with the mediation process. *Id.*

On May 29, 2012, the parties engaged in intensive mediation with the Hon. Edward A. Infante (Ret.), an experienced mediator and former Chief Magistrate Judge of the United States District Court for the Northern District of California. Terrell Decl. ¶ 9. Subsequent arms-length negotiations produced agreement on the specific terms set forth in the Settlement Agreement. *Id.* The Court granted preliminary approval of the Settlement, concluding that the Settlement was fair, reasonable and adequate. Dkt. No. 62.

### III. AUTHORITY AND ARGUMENT

When faced with a motion for final approval of a class action settlement under Rule 23, a court's inquiry is whether the settlement is "fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). A settlement is fair, adequate, and reasonable, and merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litig.* (Fourth) § 21.61, at 480 (2004). The Court's role is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted).

**A. The Settlement Is the Result of Informed, Arm's-Length Negotiations**

To reach this Settlement, Plaintiff and Defendant AT&T engaged in extensive negotiations, including intensive mediation on May 29, 2012 before experienced former federal magistrate judge, the Honorable Edward A. Infante. Terrell Decl. ¶ 9. Following mediation,

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
CASE NO. 2:11-CV-01025-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

and subsequent arms-length negotiations, the Parties reached agreement on the specific terms set forth in the Settlement. *Id.* The Settlement provides substantial benefits to the Settlement Class, including 1) eligibility of Washington residents to receive a lump-sum payment from AT&T of $270, and 2) eligibility of class members residing outside the State of Washington to receive a lump-sum payment of $135.

The Settlement is the result of a thorough investigation by the parties. AT&T's two motions to dismiss vigorously challenged whether Plaintiff had stated a claim for relief under four of his five asserted causes of action. Terrell Decl. ¶ 8. The Court ultimately denied AT&T's motions with respect to three of the challenged claims; Plaintiff voluntarily dismissed the fourth. *Id.*; *see also* Dkt. No. 38; Dkt. No. 51. Plaintiff subsequently conducted extensive fact discovery into the origins, purpose, and operation of the Calling Program, resulting in AT&T's production of over 9,000 pages of documents in addition to detailed and substantive interrogatory responses. Terrell Decl. ¶ 8. AT&T produced voluminous data pertaining to each of the telephone numbers dialed by the Calling Program, including, among other things, whether those numbers belonged to individuals who were presubscribed to AT&T for long distance service and/or were on the national or the AT&T do-not-call list. *Id.* Over the course of a full-day mediation, Judge Infante facilitated productive discussions that thoroughly tested the Parties' respective theories of the case. *Id.* ¶ 9. As a result, the Settlement Agreement is the product of well-informed and engaged arms-length bargaining with the assistance of a highly experienced mediator. *Id.*

As the Court recognized in its preliminary approval order, the Settlement "resulted from extensive arm's length negotiations." Dkt. No. 62 ¶ 3. Arm's-length negotiations conducted by competent, informed counsel are *prima-facie* evidence of a settlement that is fair and reasonable. *See Hughes v. Microsoft Corp.,* No. C98-1646C, C93-0178C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
CASE NO. 2:11-CV-01025-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

meaningful discovery."); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D. Wash. 2009) (approving settlement "reached after good faith, arms-length negotiations"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations"). Accordingly, the Settlement Agreement is entitled to a presumption of fairness.

### B.     Class Members Received the Best Notice Practicable

This Court has already determined that the notice program in this case meets the requirements of due process and applicable law, provides the best notice practicable under the circumstances, and constitutes due and sufficient notice to all individuals entitled thereto. Dkt. No. 62 ¶ 12. This notice program has been fully implemented by independent claims administrator, The Garden City Group, Inc. ("GCG"). *See generally* Declaration of Jennifer M. Keough Regarding Notice Dissemination and Settlement Administration ("GCG Decl.").

AT&T provided GCG with a list containing the names of each Settlement Class Member (the "Class List"). GCG Decl. ¶ 5. A total of 14,954 notices have been mailed out by first class U.S. Mail, 13,821 of which have been deemed "deliverable" by GCG. GCG Decl. ¶ 5-6 . Of the deliverable notices, 134 were mailed to forwarding addresses provided by the United States Postal Service and 1,384 were delivered through GCG's skip tracing process. GCG Decl. ¶¶ 8-9. GCG mailed 209 notices to Washington addresses, 177 of which GCG deemed deliverable. GCG Decl. ¶¶ 6, 9.

The notice informed Settlement Class Members of: (1) the Settlement's benefits; (2) deadlines for all Settlement Class Members to file a Claim Form and/or Revocation Request, opt out of the Settlement, withdraw a past exclusion request, and object to the Settlement or to Class Counsel's attorneys' fees and costs request; (3) the amount being sought by Class Counsel in attorneys' fees and costs; (4) the address for the Settlement Website, www.automatedcallssettlement.com, where they can obtain more information, download forms,

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
CASE NO. 2:11-CV-01025-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

and file claims and/or revocation requests; and (5) the date and location of the final approval hearing. GCG Decl. ¶ 7, Ex. A (Notice disseminated to the Settlement Class members).

GCG established and maintains a dedicated Settlement website, www.automatedcallsettlement.com, to provide information to Settlement Class members and to answer frequently asked questions. GCG Decl. ¶ 10. The Settlement Website (1) enables potential members of the Settlement Class to access and download the Order, Agreement, and written Notice; (2) enables members of the Settlement Class to file an online claim or download a personalized copy of the Claim Form; (3) provides a list of critical dates and deadlines in the Settlement process; (4) provides relevant updates and information with respect to the Settlement and approval process; and (5) provides potential Settlement Class members the toll-free telephone number dedicated to the Settlement. *Id.* The Settlement Website became operational on October 17, 2012, prior to commencement of the Notice program, and is accessible 24 hours a day, 7 days a week. *Id.* As of November 14, 2012, there have been 323 visits to the Settlement Website. *Id.* GCG has and will maintain and update the Settlement Website throughout the administration of the Settlement. *Id.* GCG also maintains a telephone number with an Interactive Voice Response system, and a live representative during business hours, to accommodate inquiries about the Settlement. *Id.* ¶ 11.

As of November 14, 2012, over 87 percent of the 14,954 Settlement Class Members have successfully been provided with notice of the Settlement agreement by mail. GCG Decl. ¶ 9. GCG has received three opt-out requests and no objections. GCG Decl. ¶¶ 12-13. Plaintiff is filing his motion for an award of attorneys' fees and costs concurrently with this motion, and that brief and supporting papers will be posted on the settlement website for review by Settlement Class Members. Terrell Decl. ¶ 13. In sum, the notice program approved by this Court and implemented by GCG has provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23, the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

requirements of constitutional due process, and the requirements set forth in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

### C. The Settlement Agreement Satisfies the Criteria for Final Approval

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including:

> [1] the strength of the Plaintiffs' case; [2] the risk, complexity, and duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement.

*See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Applied to this case, the relevant criteria support final approval of the Settlement Agreement.

#### 1. The Strength of Plaintiff's Case

In agreeing to this Settlement, Plaintiff and his counsel have considered the strength of the case and the various defenses available to AT&T. Terrell Decl. ¶¶ 10-11. While Plaintiff successfully opposed AT&T's motions to dismiss, he is aware that a number of issues of fact and law remain contested. *Id.*

AT&T maintains that the automated calls made as part of the Calling Program were not solicitation calls. Rather, AT&T claims it developed the Calling Program to notify long-distance customers of recent, non-discounted international calling activity on their telephones before it would appear on their monthly bill. If the Parties had not settled, AT&T no doubt would have continued to vigorously defend the Calling Program as a pre-bill notification program rather than a solicitation program, and would have vigorously opposed class certification. AT&T also would have sought to demonstrate that a substantial number of Settlement Class members have formed an established business relationship ("EBR") with AT&T through their relationships with AT&T affiliates or their occasional use of the AT&T long-distance network that forecloses a claim under the TCPA. *See* 47 C.F.R. §

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

64.1200(a)(2)(iv). Furthermore, AT&T would have relied on the arbitration provision in its non-California service agreements to limit the class to persons who are not parties to such agreements. Under the Settlement, Class members avoid these obstacles to recovery and receive substantial benefit in a timely manner.

2. <u>The Risk, Expense, Complexity, and Likely Duration of Further Litigation</u>

Another factor in assessing the fairness of the proposed Settlement Agreement is the risk, complexity, expense, and likely duration of this lawsuit had settlement not been achieved. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Throughout the negotiation process, AT&T vigorously defended its position and expressed every intention of continuing a spirited defense, absent a settlement, through trial and appeal.

As noted above, there are uncertainties in the law and inherent risks in continued litigation. In light of AT&T's defenses, Plaintiff recognizes the real risk that the class could end up recovering only a fraction of the settlement benefits at trial. Plaintiff also understands that there is a substantial risk of losing inherent in any jury trial. Even if Plaintiff prevailed at trial, AT&T would almost certainly appeal, threatening a reversal of any favorable outcome and causing significant delays in obtaining any relief for Class Members. *See Fulford v. Logitech, Inc.*, No. C-08-2041, 2010 U.S. Dist. LEXIS 29042, at *8 (N.D. Cal. Mar. 5, 2010) ("[L]iability and damages issues—and the outcome of any appeals that would likely follow if the Class were successful at trial—present substantial risks and delays for Class member recovery."). The Settlement provides substantial relief to Settlement Class members without further delay.

3. <u>The Risk of Maintaining Class Action Status</u>

Another risk Plaintiff faces going forward is that this Court would decline to certify this case as a class action. Terrell Decl. ¶ 10. Courts are split and have either granted or denied class certification in robocalling, robotexting, and robofaxing cases brought under the TCPA depending upon the facts of the case. *Compare Agne v. Papa John's Int'l, Inc.*, No. C10-1139-

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
CASE NO. 2:11-CV-01025-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

JCC, -- F.R.D. --, 2012 WL 5473719 (W.D. Wash. Nov. 9, 2012) (certifying class in robotexting case) with *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698 (5th Cir. 2010) (reversing recertification of class in robofaxing case after an interlocutory appeal determined that consent could not be established by class-wide proof and certification was not appropriate). While Plaintiff believes the facts of this case make class certification appropriate, he is aware that if AT&T were able to present convincing facts to support its position, the Court could have denied Plaintiff's motion for class certification, leaving Plaintiff to pursue his individual claim.

4. The Amount Offered in Settlement

Under the Settlement, Class members who were Washington residents when they received the AT&T calls will receive a $270 cash payment and Class members residing elsewhere will receive a $135 payment. Any Class Member who received many calls and believes that the amount is inadequate can opt out and retain an attorney to file an individual lawsuit.

The Settlement provides for recovery that is more than 25% of the statutory damages authorized under the TCPA and WADAD, falling squarely within a range of similar "claims made" settlements in TCPA cases that courts within this District have approved as fundamentally fair, reasonable, and adequate. *See, e.g.*, *Gardner v. Capital Options*, No. C07-1918, Dkt. #32 (W.D. Wash. May 29, 2009) (Coughenour, J.) (approving settlement agreement providing for a payment of $170 to each class member); *Baron v. Direct Capital Corp.*, No. C09-00669, Dkt. #44 (W.D. Wash. Aug. 3, 2010) (Robart, J.) (approving settlement agreement providing for $135 to each class member); *Hovila v. Tween Brands, Inc.*, No. C09-00491, Dkt. #141 (W.D. Wash. Apr. 24, 2012) (Lasnik, J.) (approving settlement agreement providing for $20 or $45 in merchandise to each class member).

The Parties have also agreed that Mr. Meilleur may request an incentive award of up to $10,000. Plaintiff believes that his right to seek an incentive award for bringing and litigating this case on behalf of the Class is permissible and promotes a public policy of encouraging

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
CASE NO. 2:11-CV-01025-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

individuals to undertake the responsibility of representative lawsuits. Incentive awards are often approved in class settlements. *See Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, No. 05-05437, 2008 WL 1901988, at *7 (W.D. Wash. Apr. 24, 2008); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2003); *see also Manual for Complex Litig.* (Fourth) § 21.62 n.336 (2004) (incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery") (citation omitted). AT&T does not oppose an incentive award to Mr. Meilleur as provided in the Settlement Agreement.

Finally, the Settlement Agreement provides that AT&T will pay for all costs incurred by the Claims Administrator in administering the settlement and providing notice thereof, costs currently estimated as $68,000 to $75,000 plus expenses. GCG Decl. ¶ 15.

5. The Extent of Discovery Completed and the Stage of the Proceeding

Final approval is favored because substantial investigation and discovery were completed before the Parties mediated this case and entered into the Settlement Agreement. Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz Corp.*, No. 07 CV-2174, 2012 WL 5392159, at * 6 (S.D. Cal. Nov 05, 2012). Here, Plaintiff reached a settlement only after conducting substantial discovery, including reviewing thousands of pages of documents, and responding to two motions to dismiss. Terrell Decl. ¶¶ 10-11. Thus, he was thoroughly familiar with the factual and legal issues involved in this litigation. The Settlement is the result of a thorough investigation, formal and informal discovery, and an in-depth evaluation of Plaintiff's legal claims.

6. The Experience and Views of Counsel

Where class counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz*, 255 F.R.D. at 543. Here, the Parties are represented by experienced counsel who have thoroughly investigated Plaintiff's claims. Class Counsel advocates the proposed Settlement as fair, reasonable,

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

adequate, and in the best interest of the Settlement Class as a whole. Indeed, Class Counsel believe this proposed Settlement to be an excellent result. Terrell Decl. ¶ 12.

7. The Presence of a Governmental Participant

No governmental entity is a party to this action. However, in compliance with the notice provision of CAFA 28 U.S.C. § 1715, AT&T has provided notice of the Settlement to the United States Attorney General, and the Attorneys General of each of the 50 states in which Settlement Class Members may reside. *See* AT&T Corp.'s Memorandum in Support of Plaintiff's Motion for Final Approval of Class Action Settlement (submitted concurrently with this motion).

"Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to class action settlement, CAFA presumes that, once put on notice, either state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures." *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW, 2010 WL 1687832, at *14 (N.D. Cal. April 22, 2010). Not one governmental entity has objected. *Id.*

8. The Reaction of Settlement Class Members

A positive response to a settlement by the class—as evidenced by a small percentage of opt-outs and objections—further supports final approval. *See Pelletz*, 255 F.R.D. at 543. Here, the deadline to opt out or object to the Settlement Agreement is December 20, 2012. Plaintiff will fully analyze this factor and respond to any objections to the Settlement Agreement in his reply papers, which are due on January 4, 2013.

The response to the Settlement Agreement thus far strongly indicates that the reaction to the Settlement will be resoundingly positive. As of November 14, 2012, GCG had received a total of 3 exclusion requests and zero objections to the Settlement Agreement. *See* GCG Decl. ¶¶ 12-13. GCG also had received a total of 924 Claims. GCG Decl. ¶¶ 12-13. The deadline to submit claims is 60 days after entry of the Final Approval Order and in any case, no earlier than

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

May 7, 2013.  The substantial number of people claiming settlement relief to date weighs in favor of final approval.

## IV.   CONCLUSION

The Settlement Agreement is fair, adequate and reasonable.  The payment of $270 to Washington residents in the Settlement Class and $135 for all other Settlement Class members an outstanding result in light of the recoveries potentially available under the law and the risks of continued litigation.  Plaintiff respectfully requests that the Court grant final approval of the Settlement.

DATED this 20th day of November, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Kimberlee L. Gunning, WSBA #35366
Beth E. Terrell, WSBA #26759
Email: bterrell@tmdwlaw.com
Kimberlee L. Gunning, WSBA #35366
Email: kgunning@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103
Telephone:  206.816.6603
Facsimile:  206.350.3528

Rob Williamson, WSBA #11387
Email:  roblin@williamslaw.com
Kim Williams, WSBA #9077
Email:  kim@williamslaw.com
WILLIAMSON & WILLIAMS
17253 Agate Street NE
Bainbridge Island, WA  98110
Telephone:  206.780.4447
Facsimile:  206.780.5557

*Attorneys for Plaintiff and the Classes and Subclass*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## CERTIFICATE OF SERVICE

I, Kimberlee L. Gunning, hereby certify that on November 20, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael E. Kipling, WSBA #7677
E-mail: kipling@kiplinglawgroup.com
Robert D. Stewart, WSBA #8998
E-mail: stewart@kiplinglawgroup.com
KIPLING LAW GROUP PLLC
3601 Fremont Avenue North, Suite 414
Seattle, Washington  98103
Telephone:  206.545.0345
Facsimile:  206.545.0350

Geoffrey Amsel, *Admitted Pro Hac Vice*
E-mail: ga4146@att.com
AT&T SERVICES, INC.
208 South Akard, Room 3116
Dallas, Texas 75202
Telephone:  214.757.3478
Facsimile:  214.761.8235

Theodore A. Livingston, *Admitted Pro Hac Vice*
Email:  tlivingston@mayerbrown.com
John E. Muench, *Admitted Pro Hac Vice*
Email:  jmuench@mayerbrown.com
Hans J. Germann, *Admitted Pro Hac Vice*
hgermann@mayerbrown.com
Jeffrey M. Strauss, *Admitted Pro Hac Vice*
Email:  jstrauss@mayerbrown.com
Kyle J. Steinmetz, *Admitted Pro Hac Vice*
Email:  ksteinmetz@mayerbrown.com
Matthew D. Provance, *Admitted Pro Hac Vice*
Email:  mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois   60606
Telephone:  312.782.0600
Facsimile:  312.701.7711

*Attorneys for Defendants*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
CASE NO. 2:11-CV-01025-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1 | DATED this 20th day of November, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Kimberlee L. Gunning, WSBA #35366
      Kimberlee L. Gunning, WSBA #35366
      Email: kgunning@tmdwlaw.com
      936 North 34th Street, Suite 400
      Seattle, Washington 98103
      Telephone: 206.816.6603
      Facsimile: 206.350.3528

*Attorneys for Plaintiff and the Classes and Subclass*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
CASE NO. 2:11-CV-01025-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com