THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

RAOUL MEILLEUR,

    Plaintiff,

v.

AT&T CORP., a New York corporation, and DOES 1 through 20,

    Defendants.

NO. 2:11-cv-01025 MJP

**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

On August 7, 2012, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Dkt. No. 62);

Pursuant to the notice requirements set forth in the Settlement Agreement and Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

A final Approval Hearing was held on March 8, 2013. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Settlement Class members were therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorneys' Fees and Costs to Class Counsel, and the payment of the Incentive Award.

The Court having heard the presentation of Class Counsel and counsel for AT&T, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Fee and Cost Application made by Class Counsel for awards of Attorneys' Fees and Costs and an Incentive Award for the Class Representative, and having reviewed the materials in support thereof, and good cause appearing;

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, within the authority of the parties and the result of extensive arm's length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4. Only six Settlement Class members chose to exclude themselves from the Settlement Class, and no Settlement Class members filed objections.

5. The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include members of the Settlement Class who did not submit timely and valid requests to be excluded from the Class. Attached hereto as Exhibit A is a list of the Settlement Class members who excluded themselves from the Class.

6. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All persons within the United States who between July 30, 2008 and May 29, 2012 received a telephone call pursuant to the Calling Program who had not selected AT&T Corp. as their presubscribed long distance carrier at the time of the call, plus all California residents who received a call under the Calling Program and were on AT&T's internal do-not-call list at the time they received the call.

Excluded from the Class are the following : (1) Any trial judge that may preside over this case; (2) Defendants, any parent, subsidiary, affiliate or control person of defendants, as well as the officers, directors, agents, servants or employees of defendants; and (3) the immediate family members of any such person(s).

5. The Court finds that the plan for Notice, set forth in Article IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances and provided due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the requirements set forth in *In Re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), and any other applicable law.

6. The Settlement Agreement, is in all respects fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.

7. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. Within the time period set forth in Article III of the Settlement Agreement, the cash distributions as provided in the Settlement Agreement shall be paid to the various Settlement Class members submitting valid claim forms, under the terms and conditions of the Settlement Agreement.

9. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall have, by operation of this Final Approval Order and Judgment, fully, finally and forever released, relinquished and discharged AT&T from all claims that were or could have been asserted in the Action, as specified in Article VI of the Settlement Agreement.

10. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal, or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

11. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal, or jurisdiction, as class members or otherwise, or receiving any benefits (including seeking or receiving awards of attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever) from any lawsuit,

arbitration, administrative proceeding, regulatory proceeding or other proceedings or order in any jurisdiction, based on or relating to the claims, causes of actions, motions, defenses or the facts, and circumstances relating thereto, in the Action. In addition, all Persons are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing any litigation, arbitration, administrative proceeding, regulatory proceeding or other proceedings in any court, arbitration, tribunal or jurisdiction as a class action, a separate class, other representative action, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any of the Settlement Class members who did not validly and timely opt-out of the Class, arising out of, based on or relating to the claims, causes of action, motions, defenses, facts and/or circumstances relating thereto, in the Action.

12. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel and all other preclusive effect in any and all claims for relief, cause of action, suits, petitions, demands in law or equity or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way relate to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the Calling Program.

13. This Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against AT&T of any fault, wrongdoing, or liability on their part or of the validity or certifiability for

litigation of any claims relating to the Calling Program or of the existence or amount of any damages.

15. 14. The payments ordered herein shall be made in the manner and at the times set forth in the Settlement Agreement.

15. The Court applies the lodestar method of calculation in determining appropriate attorneys' fees rather than the percentage of the fund method because the Settlement Agreement does not result in a common fund or constructive common fund. Class Counsel argues the value of notices sent to class members creates a "constructive fund." (Dkt. No. 68 at 3.) This misinterprets the term "constructive fund." A constructive fund occurs where private agreements create one settlement amount for the class and a separate amount for attorneys' fees. Jones v. GN Netcom, Inc., 654 F.3d 935, 944 (9th Cir. 2011). In such a case, a court may construe the separate values as one "constructive fund" to determine whether the fee agreement falls within the 25% benchmark set by the 9th Circuit. Id. A constructive fund is not, as Class Counsel contends, a situation where the court construes the potential value associated with notices sent as creating a "constructive fund."

16. Lodestar fee calculation is appropriate where there is "uncertainty as to the valuation of the settlement." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). This Court has held where the settlement "will be paid on a claims made basis with no cap to the relief available, consideration of attorneys' fees lends itself more readily to the loadstar method." Grays Harbor Adventist Christian Sch. V. Carrier Corp., 2008 U.S. Dist. LEXIS 106515, *4 (W.D. Wash. 2008). Other district courts in the 9th Circuit have also refused to interpret a possible class recovery based on notices sent as a common fund. In Yeagley v. Wells Fargo & Co., the court refused to accept the total possible value of the payout as the "fund"

from which attorneys' fees could be calculated. 2008 U.S. Dist. LEXIS 5040, *21 (N.D. Cal. 2008). In Yeagley, the defense agreed to pay attorneys fees not to exceed $1.5 million, leaving no common fund but justifying the fees by a valuation of the total amount defendant could pay if all claims possible were made by class members. Id. at *23. The court called the figure "pure fantasy," arguing neither party could reasonably believe defendant would actually pay the total possible amount. Id.

17. Class Counsel requests a multiplier of 2.2 to their lodestar. The Court finds this appropriate based on the contingent nature of the case and the time and labor required. Class Counsel represented the class without guarantee of payment, defeated two motions to dismiss before settlement, and achieved a benefit for the class. (Dkt. No. 68 at 14-22.)

18. The Court hereby grants Class Counsel's request for an award of reasonable Attorneys' Fees and Costs in the amount of $758,034.50. The Court further grants Class Counsel's application for an Incentive Award for Raoul Meilleur in the amount of $ 10,000.

19. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

IT IS SO ORDERED.

Dated this 13th day of March, 2013.

Marsha J. Pechman
Chief United States District Judge

# EXHIBIT A

Meilleur v. AT&T Inc.

USDC Western District of WA Case No. 2:11-cv-01025 MJP

Excluded Settlement Class Members:

| First Name | Last Name | City | State |
|---|---|---|---|
| Viola | Badillo | Alhambra | CA |
| Gerald | Brewer | Atoka | OK |
| Jackie | Martin | Warsaw | OH |
| Mario | Nodarse | Miami | FL |
| John | Schmidt | Yorba Linda | CA |
| Maria | Taitague | Brawley | CA |